IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP T. CASON, DCDC #196-242<br><br>                              Plaintiff,<br><br>v.<br><br>DC DEPARTMENT OF<br>CORRECTIONS, et al.<br><br>                              Defendants. | Civil Action 1:06-cv-0446 (RMC) |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S
MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Corrections Corporation of America, through counsel, hereby moves to dismiss Plaintiff's Complaint for the reasons that Plaintiff has failed to allege facts sufficient to establish a constitutional violation pursuant to 42 U.S.C. §1983, has failed to allege that he exhausted the administrative remedies available to him pursuant to 42 U.S.C. § 1997(e), and has otherwise failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). This motion is supported by the following Memorandum of Points and Authorities and the pleadings on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTUAL BACKGROUND**

Plaintiff filed a Complaint on March 10, 2006, in which he alleges that the Defendants failed to properly treat an eye injury and that he was improperly diagnosed by the medical staff while he was detained at the District of Columbia Department of Corrections.

In Section V of Plaintiff's Complaint, also entitled "Statement of Claim," Plaintiff asserts that "I was wrongfully diagnosed by medical staff D.C. jail. See Medical Records." Plaintiff lists Corrections Corporation of America ("CCA"), District of Columbia Department of Corrections ("DC-DOC"), Aramark Food Service, Inc., and "Contracted Medical Staff of the Department of Corrections" as parties. Plaintiff alleges that he was incarcerated in the District of Columbia Department of Corrections at the time of the alleged incident, but was subsequently was transferred to CCA. Notably, Plaintiff does not allege that any acts occurred while he was incarcerated at CCA's facility.

Further in his Complaint, Plaintiff admits that he failed to comply with the grievance policy for the claim outlined in his Complaint. As a result, Plaintiff has failed to exhaust the administrative remedies available to him as required under the Prison Litigation Reform Act ("PLRA"). Accordingly, Plaintiff's Complaint must be dismissed.

## II. LEGAL ARGUMENT

### A. **Plaintiff's claim for relief does not a state a constitutional violation under 42 U.S.C. §1983**

To establish a constitutional violation based on inadequate medical care, an inmate must allege facts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.[1] The United States Supreme Court has held that a prison official cannot be found liable under the Eighth Amendment for denying an inmate medical care unless the official knows of and disregards an excessive risk to inmate health or safety.[2]

---

[1] *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

[2] *Farmer v. Brennan,* 511 U.S. 825, 114 S. Ct. 1970, 1979 (1994)

The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[3]  To state a cognizable Section 1983 claim, the plaintiff must allege that he suffered a specific injury as a result of the specific conduct of a defendant and show an affirmative link between the injury and the defendant's conduct.[4]

In this case, Plaintiff merely alleges that he was misdiagnosed.  That alone is not a basis for §1983 relief.  The Supreme Court noted that "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Gamble,* 429 U.S. at 106. Aside from Plaintiff's disagreement with the diagnosis and the course of treatment, there are no allegations that he was misdiagnosed or treated improperly.  Moreover, Plaintiff fails to allege any facts that suggest that he suffered a specific injury as a result of the conduct he complains of and nor any facts to show a link between defendant's conduct or any injury.  Plaintiff has failed to assert any claim against CCA alleging that it did or did not violate his constitutional rights.   As such, Plaintiff fails to establish a §1983 claim that triggers liability.  His Complaint against CCA should be dismissed.

---

[3] *Id.*

[4] *Rizzo v. Good,* 423 U.S. 362, 371-72, 377 (1976).

###    B.    Plaintiff Has Failed to Exhaust the Administrative Remedies Available to Him As Required by 42 U.S.C. § 1997(e).

The PLRA requires inmates to exhaust administrative remedies before bringing a lawsuit. Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes important interests: "(1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact."[5] The United States Supreme Court has clarified that even inmates seeking only monetary relief must complete a prison administrative process that could provide some sort of relief, even if not monetary, before filing a §1983 claim.[6] In *Booth*, the court found that the inmate did not exhaust all available administrative remedies and dismissed his claims.

As outlined, an inmate is required to exhaust all administrative remedies before filing civil litigation.[7] The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive

---

[5] *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

[6] *Booth v. Churner*, 532 U.S. 731 (2001).

[7] *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Barnard v. District of Columbia,* 223 F. Supp. 2d 211, 212-13 (D.D.C. 2002) ("[A] prisoner may file a civil action relating to conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.")

force or some other wrong."[8] In addition, a prisoner must exhaust all of his administrative remedies, not just some.[9]

The failure to exhaust administrative remedies raises a "jurisdictional challenge" under the PLRA. In this regard, this Court held:

> Defendant further posits that even if the regulation had been implemented against plaintiff, [the inmate] has not exhausted his administrative remedies, as he is required to do, prior to initiating this lawsuit. Because these challenges, *like any jurisdictional challenge,* "imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," *Grand Lodge of the Fraternal Order of Police v. Ashcroft,* 185 F. Supp.2d 9, 13 (D.D.C. 2001), the "plaintiffs' factual allegations in the complaint...will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Id*. at 13-14 (citations omitted).[10]

The *Al-Owhali* decision is consistent with the D.C. Circuit's jurisprudence, which treats the failure to allege exhaustion as a pleading defect.[11] This Circuit's treatment of the

---

[8] The purpose of the grievance procedures is to give prison officials an opportunity to resolve the problem, thus relieving the courts of unnecessary litigation, and creating a factual record to facilitate any eventual judicial action." *Jeanes v. United States Dep't of Justice*, 231 F. Supp.2d 48, 50-51 (D.D.C. 2002) (internal citations omitted).

[9] *See, e.g. Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (dismissing § 1983 claim because the inmate did not appeal the denial of the grievance, thus failing to give the state a full chance to hear the grievance); *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997) (finding inmate failed to exhaust when the inmate filed a grievance but "did not appeal the denial of that complaint to the highest possible administrative level"); *Saunders v. Goord,* No. 98 Civ. 8501 (JGK), 2002 WL 1751341, at *3 (S.D.N.Y. 2002) ("Even if the plaintiff did not receive responses directed toward some grievances, the plaintiff was required, at minimum, to make reasonable attempts to appeal those grievances before bringing an action in federal court.")

[10] *Al-Owhali v. Ashcroft,* 279 F. Supp.2d 13, 21 (D.D.C. 2003) (emphasis added).

[11] *Eldridge v. District of Columbia,* No. 02-7059, 2002 WL 31898173, at *1 (D.C. Cir. Dec. 23, 2002) (citations omitted) ("Appellant has neither alleged nor shown that he exhausted the administrative remedies available under the District of Columbia's Inmate Grievance Procedure before bringing this action. Thus, the district court correctly dismissed without prejudice his federal claims."), *cert. dismissed*, 539 U.S. 913 (2003); *Johnson v. District of Columbia Dep't of Corr. Transp. Unit*, No. 01-7204, 2002 WL 1349532, *1 (D.C. Cir. June 20, 2002) ("The district court properly dismissed the case without prejudice for failure to exhaust administrative remedies because the complaint stated appellant had not filed an inmate grievance.").

exhaustion issue comports with the PLRA's unequivocal language, which states that "[n]o action shall be *brought*...until such administrative remedies as are available are exhausted."[12] Because the PLRA's exhaustion requirement is jurisdictional, Defendant may raise this issue at any point or the Court may consider it *sua sponte*. Other circuits concur with this analysis.[13]

There are other courts that take a different approach, by dismissing a case on the pleadings pursuant to an "unenumerated 12(b) motion."[14] Although courts adopting an "unenumerated 12(b) motion" approach do not view the PLRA's exhaustion requirement as jurisdictional, they still recognize that the "statute gives prisons and their officials a valuable entitlement – the right *not* to face a decision on the merits – which courts must respect if a defendant chooses to invoke it."[15] For this reason, even if exhaustion were not

---

[12] 42 U.S.C. § 1997(e) (emphasis added).

[13] *See e.g., Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003) ("The next question concerns the procedural characterization of exhaustion: is it an essential allegation of a prisoner's claim or is it a defendant's affirmative defense? ... [W]e believe that a prisoner must plead exhaustion in his complaint.") pet. for cert. filed (April 26, 2004) (No. 03-10625); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("[A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.") *Brown v. Toombs*, 139 F.3d 1102, 1004 (6th Cir. 1998) ("District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant"); *Brock v. Ortiz*, No. 04-1172, 2004 U.S. App. LEXIS 18315, at *6 (10th Cir. 2004) ("Even reading Mr. Brock's complaint liberally, it is clear that Mr. Brock has not exhausted available administrative remedies. Mr. Brock has the burden of showing he has indeed exhausted administrative remedies. To satisfy this burden, Mr. Brock must attach copies of the administrative proceedings or describe their disposition specifically in his amended complaint.") (internal citations and footnote omitted).

[14] *See e.g., Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) ("[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."); *Janis v. Ashcroft*. No. 02-55894, 2004 U.S. App. LEXIS 6561, at *6 (9th Cir. 2004) ("The appropriate procedure for raising the failure to exhaust defense under 42 U.S.C. § 1997e(a), therefore is by a Rule 12(b) motion to dismiss.") (citation omitted).

[15] *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) (emphasis in original).

jurisdictional, it is appropriate to resolve the issue at this stage.[16]

Because: (1) Plaintiff failed to provide the Court with any evidence that he complied with the PLRA exhaustion requirements; and (2) Plaintiff has admitted to not complying with the grievance policy while detained at CTF in Section III of his Complaint, there is a pleading defect that mandates dismissal of Plaintiff's Complaint. Accordingly, Defendant respectfully requests their Motion to Dismiss be granted.

---

[16] Even the minority of courts that generally *do not* permit defendants to raise exhaustion before summary judgment still permit defendants to raise the matter on a motion to dismiss when, as here, the complaint and attachments indicate that the plaintiff did not exhaust. *See e.g., Brown v. Croak*, 312 F.3d 109, 111 n.1 (3d Cir. 2002) (rejecting argument that it would "always be improper to dismiss for failure to exhaust remedies at the pleadings stage."); *Ray v. Kertes*, 285 F.3d 287, 295 n.8 (3d Cir. 2002) ("We do not suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases."); *McCoy v. Goord*, 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003) (If non exhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted).

### C. Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

Rule 12(b)(6) requires that court to take plaintiff's allegations as true, construe the complaint liberally, and grant the plaintiff the benefit of all inferences that can be derived from the facts alleged.[17] Federal Rule of Civil Procedure 8 requires that Plaintiff give the defendant fair notice of the claim and the grounds upon which it rests.[18] A complaint should generally not be dismissed because the court does not feel that the plaintiff will prevail on his claims.[19] Dismissal for failure to state a claim, however, is appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[20] The court will not accept as true the pleader's legal conclusions nor will the court draw unsupported inferences to aid the pleader.[21]

In this case, assuming the allegations in Plaintiff's complaint are true, and viewing them in the light most favorable to the Plaintiff, he has failed to state a claim upon which

---

[17] *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002).

[18] *Id.*

[19] *See Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102-103, 2 L.Ed.2d 80 (1957).

[20] *See Atchinson v. District of Columbia*, 73 F.3d 418 (1996)

[21] *Browning*, 292 F.3d at 242.

relief can be granted. Plaintiff has asserted that he was misdiagnosed and that Defendants failed to provide proper medical treatment. Plaintiff's Complaint contains no factual allegations to support this assertion. Moreover, Plaintiff has failed to allege facts sufficient to show how CCA fell below the standard of care and has failed to establish what, if any, injury he suffered due to the alleged deprivation. He has also failed to identify who allegedly caused his injury. This failure on his part, denies CCA an opportunity to adequately respond.

Further, Plaintiff's complaint alleges facts that occurred while he was incarcerated in the District of Columbia Department of Corrections, not CCA. All of Plaintiff's allegations involve staff of DC-DOC or independent contractors and not any employees of CCA. Such facts are insufficient to state a claim against CCA, and Plaintiff's Complaint must be dismissed without prejudice.

## III.     CONCLUSION

Because Plaintiff failed to set forth a constitutional violation, failed to allege that he exhausted the administrative remedies available to him as required under the PLRA, and failed to state a claim upon which relief can be granted, Defendant CCA respectfully requests that its Motion to Dismiss be granted.

                                CORRECTIONS CORPORATION OF AMERICA
                                By Counsel

_____/s/ Rebecca E. Kuehn_____
Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile:  (703) 684-8075


Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile:   (602) 200-7811(direct)

Counsel for Defendants, *Corrections Corporation of America*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 17th day of April, 2006, a true and accurate copy of the foregoing Motion to Dismiss, was mailed, to:

>Phillip T. Cason, #196-242
>1901 E Street, S.E.
>Washington, D.C. 20003
>Plaintiff, pro se

      _____/s/ Rebecca E. Kuehn_____
      Rebecca E. Kuehn