## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| PHILLIP T. CASON, #196-242 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action: 1:06-cu-0446(RMC) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA DEPARTMENT | ) |
| OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### THE DISTRICT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
### FOR SUMMARY JUDGMENT

The District of Columbia Department of Corrections (DOC), through counsel,

moves this Honorable Court to dismiss this action.  As grounds, this defendant states that

the District of Columbia Department of Corrections is *non sui juris* and plaintiff failed to

comply with the mandatory requirements of D. C. Official Code § 12-309.  The District

adopts the arguments made by defendant Corrections Corporation of America (CCA),

specifically that plaintiff failed to state a constitutional violation under 42 U.S.C. § 1983,

failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e), and

failed to state a claim upon which relief can be granted.  This motion is supported by the

following Memorandum of Points and Authorities and the pleadings on file with the

court, incorporated herein by this reference.

Respectfully Submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

_____/s/_____
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6519, (202) 724-6669
louise.phillips@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Motion to Dismiss was mailed, postage prepaid, this 30th day of June, 2006, to:

Phillip Thomas Cason
DC 196-242
CORRECTION CORPORATION OF AMERICA
1901 E Street, SE
Washington, DC 20003


By:_____/s/_____
   E. LOUISE R. PHILLIPS [422074]
   Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| PHILLIP T. CASON, # 196-242 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action: 1:06-cu-0446(RMC) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA DEPARTMENT | ) | |
| OF CORRECTIONS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

**I. Factual Background**

Plaintiff filed his complaint on March 10, 2006, and alleges that defendants failed
to properly treat an eye injury, and that he was improperly diagnosed by the medical staff
while he was detained at the DOC. Plaintiff named CCA, DOC, Aramark Food Service,
and "Contracted Medical Staff of the DOC" as parties. Further, in his Complaint,
Plaintiff admits that he failed to comply with the grievance policy for the claim outlined
in his Complaint. As a result, Plaintiff has failed to exhaust his administrative remedies
available to him, and as required under the Prison Litigation Reform Act (PLRA). In
addition, plaintiff failed to comply with the mandatory requirements of D.C. Official
Code § 12-309, and therefore, any common law allegations are barred. Accordingly,
plaintiff's Complaint must be dismissed.

**II. Legal Argument**

    1. <u>Plaintiff may not file a civil action against the District of Columbia Department of Corrections as they are a non sui juris entity.</u>

The District of Columbia is a municipal corporation created by the United States federal government. The ability to claim relief against an agency or department within the District of Columbia government is dependent on a statutory grant. A noncorporate department or other body within a municipal corporation is not *sui juris.* <u>Arnold v. Moore</u>, 980 F. Supp. 28, 33 (D.D.C. 1997); <u>Fields v. District of Columbia Dept. of Corr.</u>, 789 F. Supp. 20, 22 (D.D.C. 1992); <u>Ray v. District of Columbia</u>, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are non <u>sui juris</u> entities); <u>Braxton v. National Capital Housing Authority</u>, 396 A.2d 215, 216 (D.C. 1978) (citations omitted); <u>Roberson v. District of Columbia Bd. Of Higher Ed.</u>, 359 A.2d 28, 31 n. 4 (D.C. 1976); <u>Miller v. Spencer</u>, 330 A.2d 250, 251 n. 1 (D.C. 1974) (Department of Sanitation not suable). Accordingly, the complaint should be dismissed as against this defendant.

    2. <u>Plaintiff's local law claims are barred because he failed to comply with the mandatory requirements of D.C. Official Code § 12-309</u>

Plaintiff asserts local law claims against the District of Columbia. *See* Complaint, generally. However, those claims are barred by D.C. Official Code §12-309. The statute provides that a claimant must send statutory notice to the Mayor within six months of the date when an injury has been sustained. The statute reads as follows:

> An action may not be maintained against the District of Columbia for unliquidated damages ... unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a

sufficient notice under this section.

It is clear from the statute that it is mandatory for a claimant to send the Mayor written notice of his/her intent to sue the District within six months of the date of the injury or incident and prior to filing suit.  D.C. Official Code § 12-309 is in derogation of the common law and must be strictly construed.  *See Pitts v. District of Columbia*, 400 A.2d 803, 809 (D.C. 1978); *Breen v. District of Columbia*, 400 A.2d 1058, 1062 (D.C. 1979). This is so even where a "harsh result" may occur.  *See Powell v. District of Columbia*, 645 F. Supp. 66, 69 (D.D.C. 1986).

The law specifically requires that the District be provided the Plaintiff's identity, and the date, time, cause and circumstances of his/her injuries in a manner that alerts the District of potential liability in order to comply with D.C. Official Code § 12-309. While plaintiff sent a letter to Mayor Williams dated June 16, 2005, Plaintiff failed to delineate the place, cause and circumstances of the injury or damage in the letter.  See Exhibit 1. Plaintiff's failure to satisfy the mandatory provisions of the notice statute defeats his local law claim against the District for compensatory damages.

**III. Conclusion**

For the above stated reasons, in addition to those raised by CCA in its Motion to Dismiss, the defendant, DOC, respectfully requests that its motion to dismiss be granted. Alternatively, this defendant moves for summary judgment in its favor.

Respectfully Submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____

NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II


_____/s/_____

E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6519, (202) 724-6669
louise.phillips@dc.gov

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| THOMAS PHILLIP CASON, # 196-242 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action: 1:06-cu-0446(RMC) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA DEPARTMENT | ) |
| OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| _____ | ) |

**ORDER**

**UPON CONSIDERATION** of The District's Motion to Dismiss the complaint in this matter, or in the alternative for summary judgment, the memorandum of points and authorities in support thereof, any opposition thereto, and the entire record herein, it is, this ___ day of July, 2006,

**ORDERED,** that defendant's motion be, and the same is hereby, **GRANTED** for the reasons stated and incorporated in the memorandum of points and authorities**;** and it is further,

**ORDERED,** that plaintiff's complaint be, and the same is hereby, **DISMISSED WITH PREJUDICE.**

_____
The Honorable Judge Rosemary M. Collyer
United States District Court for the District of Columbia

Copies mailed to:

Thomas P. Cason, *Pro Se*
 # 196-242
1901 E Street, SE

8

Washington, DC 20003