IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP T. CASON, DCDC #196-242,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DC DEPARTMENT OF CORRECTIONS, ET AL.<br><br>　　　　　　Defendants. | No. 1:06-CV-0446 RMC |

**DEFENDANTS' CORRECTIONS CORPORATION OF AMERICA AND DALE LONDON'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants, through counsel, file this Reply in Support of their Motion to Dismiss.[1] Defendant's Motion sets forth one simple issue: Did Plaintiff exhaust the administrative remedies available to him before filing the subject lawsuit? Based on the evidence and as admitted in Plaintiff's Response, the answer is: no. In fact, Plaintiff has failed to set forth any evidence that he exhausted the administrative remedies available to him pursuant to 42 U.S.C. § 1997(e). Accordingly, Plaintiff's Complaint must be dismissed.

This motion is supported by the following Statement of Points and Authorities and the pleadings on file with the Court.

---

[1] It appears that Plaintiff's Response to Defendants' Motion to Dismiss includes a separate Motion for Summary Judgment. Defendants will respond to Plaintiff's Motion for Summary Judgment by the deadlines imposed by the FED.R.CIV.P.

1651350.1

## STATEMENT OF POINTS AND AUTHORITIES

I.  **LEGAL ARGUMENT**

    A.  **Plaintiff Has Conceded the Arguments Raised in Defendants' Motion.**

District of Columbia, Local Rule 7(b), provides that "a party must file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." In this case, Plaintiff's motion addresses many other issues aside from the sole argument raised in Defendants' Motion to Dismiss. Defendants asserted that Plaintiff had failed to exhaust the administrative remedies available to him, a mandatory requirement under the PLRA, before filing a lawsuit pursuant to the Prison Litigation Reform Act. Plaintiff failed to address this issue, other than to say that he did file a grievance, without providing proof of such. Accordingly, this Court should treat Plaintiff's failure to respond or provide evidence that he did in fact exhaust the administrative remedies available to him, as consent to granting judgment as a matter of law on each of Plaintiff's claims.

    B.  **Plaintiff Was Aware of the Grievance Procedure.**

Plaintiff asserts in his Response, for the first time, that he appealed his grievance denials. In fact, a thorough search of Plaintiff's grievance records shows that Plaintiff never filed or appealed any grievances regarding the allegations contained in his Complaint. Indeed, Plaintiff has never provided any evidence to the contrary. Based on a clear reading of Plaintiff's Response, he has admittedly failed to comply with the CTF

1651350.1

grievance policy for any of the claims outlined in his Complaint. As a result, Plaintiff has failed to exhaust the administrative remedies available to him as required under the PLRA. Accordingly, Plaintiff's Complaint must be dismissed.

### C.     No Exhaustion of Administrative Remedies.

As the Court is aware, the PLRA requires inmates to exhaust administrative remedies before bringing a lawsuit. An inmate is required to exhaust all administrative remedies before filing civil litigation. An inmate prisoner must exhaust all of his administrative remedies, not just some. In this case, Plaintiff acknowledged that a grievance policy existed. Plaintiff previously asserted that he complied with the grievance procedures. Yet, Plaintiff has never provided the Court with any evidence that a grievance was actually filed with the facility. In fact, the only evidence the Court has on this issue is from Joyce Allen, the Grievance Coordinator for CTF, who confirmed that Plaintiff did not exhaust his grievance remedies regarding the allegations made in his Complaint.

Accordingly, Plaintiff has failed to exhaust the administrative remedies available to him. This violation of the PLRA mandates dismissal of Plaintiff's Complaint. As a result, Defendant, Corrections Corporation of America respectfully requests their Motion to Dismiss be granted.

### D.     Plaintiff's Complaint Contains a "Pleading Defect" and Must Be Dismissed.

The failure to exhaust administrative remedies raises a "jurisdictional challenge" under the PLRA. As outlined in Defendants' Motion, the District of Columbia

1651350.1

treats a Plaintiff's failure to allege exhaustion as a pleading defect. Further, this Circuit's treatment of the exhaustion issue comports with the PLRA's unequivocal language, which states that "[n]o action shall be brought...until such administrative remedies as are available are exhausted."  Because: (1) Plaintiff failed to provide the Court with any evidence that he complied with the PLRA exhaustion requirements; and (2) Plaintiff has admitted to not complying with the grievance procedures, there is a pleading defect that mandates dismissal of Plaintiff's Complaint. Accordingly, Defendants CCA respectfully request their Motion to Dismiss be granted.

### E. Plaintiff's claim for relief does not state constitutional violation

Plaintiff provides no support for his allegations that his medical claim rises to the level of a violation of his civil rights to provide a basis for §1983 relief.  He has not shown a link between his injury and defendants conduct.  He has thus failed to assert a cognizable claim against Defendants and the Complaint must, therefore, be dismissed.

In addition, Plaintiff has failed to state a claim upon which relief can be granted regarding his medical negligence claims.  He has failed to provide any evidence whatsoever to show how CCA fell below the standard of care.  Instead, each and every medical complaint is made against the staff of the District of Columbia Department of Corrections, and not employees of CCA.  Accordingly, Plaintiff's claims are improper against these Defendants and must be dismissed.

1651350.1

## II.     CONCLUSION

Based on the foregoing, Defendants respectfully requests the Motion to Dismiss or in the Alternative Motion for Summary Judgment be granted.

Dated this 5th day of July, 2006.

                        Respectfully submitted,

By  s/ Daniel P. Struck
    Daniel P. Struck (D.C. Bar No. CO0037)
    JONES, SKELTON & HOCHULI, P.L.C.
    2901 North Central Avenue
    Suite 800
    Phoenix, Arizona 85012
    Telephone: (602) 263-7323
    Facsimile: (602) 200-7811

    Kevin L. Newsome (D.C. Bar No. 439206)
    Megan Starace Ben'Ary (D.C. Bar No. 439415)
    LeClair Ryan, A Professional Corporation
    225 Reinekers Lane
    Suite 700
    Alexandria, Virginia 22314
    Telephone: (703) 647-5928
    Facsimile: (703) 647-5978 (direct)

## CERTIFICATE OF MAILING

I HEREBY Certify that a complete copy of the foregoing was mailed by United States Mail, first-class, postage prepaid, to the following party, who is not eligible to receive Notices via Electronic Case Filing:

Keionta Hagens, #31585-007
Big Sandy US Penitentiary
P.O. Box 2068
Inez, Kentucky 41224

      s/ Carol S. Madden

1651350.1