IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP T. CASON, | |
| Plaintiff, | |
| v. | No. 1:06-CV-0446 (RMC) |
| DC DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

### DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Defendant Corrections Corporation of America, by counsel, responds to Plaintiff's Motion for Appointment of Counsel and respectfully requests that this Court deny the motion on the grounds that Plaintiff has shown no "exceptional circumstances" which would allow this Court, in its discretion, to appoint counsel to represent the Plaintiff in this matter.

This Opposition is supported by the following Statement of Points and Authorities.

### STATEMENT OF POINTS AND AUTHORITIES

There is no constitutional right to appointment of counsel at the government's expense in a civil rights litigation.[1] The only conceivable authority creating a statutory right would be 28 U.S.C. § 1915(d), which confers on the Court the discretion to appoint counsel to represent an indigent civil litigant. The exercise of that power, however, is limited to exceptional circumstances.[2] In this case, Plaintiff has shown no such "exceptional circumstances."

---

[1] *See* 42 U.S.C. § 1983; *Storseth v. Spellman,* 654 F 2d. 1349, 1353 (9th Cir. 1981); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[2] *See* 28 U.S.C. § 1915(d); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of legal issues involved.[3] In this case, Plaintiff has not demonstrated a likelihood of success on the merits. In addition, the issues involved are not complex, and Plaintiff has shown no exceptional need for counsel to investigate or provide assistance in developing legal theories concerning the straight-forward claims made by the Plaintiff in his Complaint.

Thus, although Plaintiff may experience certain difficulties in proceeding *pro se*, he has neither demonstrated a likelihood of success on the merits, nor shown that the complexity of the issues involved is sufficient to require designation of counsel.[4] Accordingly, Plaintiff's Motion for Appointment of Counsel must be denied.

Respectfully submitted,

  /s/ Megan S. Ben'Ary
Kelvin L. Newsome (D.C. Bar No. 439206)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811
*Counsel for Corrections Corporation of America*

Filed electronically this 10th day of July, 2006.

---

[3] *Wilborn*, 789 F.2d at 1331.

[4] *Wilborn*, 789 F.2d at 1331; *Wegganat v. Look*, 718 F 2d. 952, 954 (9th Cir. 1983); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2006, a true and accurate copy of the foregoing Opposition to Plaintiff's Motion for Appointment of Counsel, was mailed, to:

> Phillip T. Cason, #10050-007
> USP Hazelton
> P.O. Box 450, Inmate Box 2000
> Bruceton Hills, WV 26525
> Plaintiff, pro se

> /s/ Megan S. Ben'Ary
> Megan S. Ben'Ary