IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP T. CASON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DC DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　Defendants. | No. 1:06-CV-0446 (RMC) |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY**

Defendant Corrections Corporation of America ("CCA"), by counsel, submits this Memorandum in Opposition to Plaintiff's Motion for an Order Compelling Discovery. Plaintiff's Motion must be denied because: (1) Plaintiff failed to contact Defendant CCA pursuant to LCvR 7(m) before filing this Motion to Compel; (2) Plaintiff never submitted a "written request" to defense counsel; and (3) formal discovery is premature due to CCA's pending dispositive motion.

This Opposition is supported by the following Statement of Points and Authorities.

**STATEMENT OF POINTS AND AUTHORITIES**

**I.　FACTUAL BACKGROUND**

On March 10, 2006, Plaintiff filed a Complaint against CCA, the District of Columbia Department of Corrections, Aramark (sic) Food Service Incorporated and "contracted medical staff of the Department of Corrections." Plaintiff's Complaint alleges that he received an injury to his left eye while working in the kitchen at the Correctional Treatment Facility ("CTF") and subsequently received negligent medical care. CTF is a contract facility operated by CCA. CTF does not operate the kitchen or provide any medical services to inmates at CTF.

Because Plaintiff failed to comply with the Prison Litigation Reform Act prior to filing his Complaint, Defendant CCA filed a Motion to Dismiss on April 17, 2006. CCA has not filed an Answer due to this pending dispositive motion.

On July 12, 2006, Plaintiff filed a Motion for an Order Compelling Discovery. Plaintiff's Motion states that on May 22, 2006, he provided a Request for Production of Documents to Defendant CCA. In support of his Motion, Plaintiff attached copies of FOIA requests allegedly submitted to "CCA, Treatment Facility, 1901 E. Street SE, Washington, DC 20003."

## II.    LEGAL ARGUMENT

### A.    <u>Plaintiff Failed to Meet and Confer Prior to the Filing of this Motion.</u>

Plaintiff's Motion for an Order Compelling Discovery should be dismissed because Plaintiff failed to comply with his duty to confer with counsel for CCA prior to the filing of the instant motion. Pursuant to LCvR 7(m):

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Here, Plaintiff failed to contact counsel for Defendant CCA regarding his alleged Request for Production of Documents. Plaintiff concedes this point by failing to include a "statement that the required [Rule 7(m)] discussion occurred, and a statement as to whether the motion is opposed." Accordingly, Plaintiff's Motion for an Order Compelling Discovery must be denied on this basis alone.

### B.    <u>Plaintiff Never Submitted a Request for Records.</u>

Plaintiff's Motion states that on May 22, 2006, he provided a Request for Production of Documents to Defendant CCA. No copy of this alleged Request for

Production was attached to Plaintiff's Motion, and no such request was ever received by Defendant CCA. Further, there was no Notice of Service of Plaintiff's Request for Production filed with the Court to support his claim.

In support of his Motion for an Order Compelling Discovery, Plaintiff attached copies of FOIA requests allegedly submitted to "CCA, Treatment Facility, 1901 E. Street SE, Washington, DC 20003."[1] Defendant CCA presumes that this is what Plaintiff believes is his "written request." These requests were <u>never</u> forwarded to counsel for Defendant CCA and are not in compliance with Rule 34 of the Federal Rules of Civil Procedure. Because Plaintiff failed to comply with Rule 34 by providing a written request to Defendant CCA, Plaintiff's Motion for an Order Compelling Discovery must be denied as premature.

### C. Formal Discovery is Premature.

Rule 26(d) of the Federal Rules of Civil Procedure provides that formal discovery should be commenced only after a "meet and confer" is conducted. *See* FED. R. CIV. P. 26(d) (stating that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."); *see also* FED. R. CIV. P. 34(b) (noting that "[w]ithout leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d)."). In this case, no "meet and confer" has been conducted because CCA has a pending Motion to Dismiss before the Court. Thus, Plaintiff's Motion for an Order Compelling Discovery is premature and must be denied.

---

[1] Attached to Plaintiff's Motion is another FOIA request allegedly sent to the "DC Jail." Defendant CCA does not represent the DC Jail and did not receive a copy of this alleged request by the Plaintiff.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion must be denied because: (1) Plaintiff failed to contact Defendant CCA pursuant to LCvR 7(m) before filing this Motion to Compel; (2) Plaintiff never submitted a "written request" to defense counsel; and (3) formal discovery is premature due to CCA's pending dispositive motion.

        Respectfully submitted,

        /s/ Megan S. Ben'Ary
Kelvin L. Newsome (D.C. Bar No. 439206)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811
*Counsel for Corrections Corporation of America*

Filed electronically this 24th day of July, 2006.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2006, a true and accurate copy of the foregoing was mailed, to:

    Phillip T. Cason, #10050-007
USP Hazelton
P.O. Box 450, Inmate Box 2000
Bruceton Hills, WV 26525
*Plaintiff, pro se*

        /s/ Megan S. Ben'Ary
        Megan S. Ben'Ary