IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP T. CASON, DCDC #196-242,<br><br>                    Plaintiff,<br><br>  v.<br><br>DC DEPARTMENT OF CORRECTIONS, ET AL.<br><br>                    Defendants. | No. 1:06-CV-0446 RMC |

### DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Defendant Corrections Corporation of America ("CCA"), through counsel, submits this response to Plaintiff's Motion to Stay Proceedings. Plaintiff's Motion must be denied because: (1) Plaintiff failed to contact Defendant CCA pursuant to LCvR 7(m) before filing his Motion to Stay Proceedings; (2) FED. R. CIV. P. 62 is inapplicable to this case; and (3) this case should proceed once the Court enters an Order regarding CCA's pending dispositive motion.

This Motion is supported by the following Statement of Points and Authorities.

### STATEMENT OF POINTS AND AUTHORITIES

**I.      FACTUAL BACKGROUND**

On March 10, 2006, Plaintiff filed a Complaint against CCA, the District of Columbia Department of Corrections, Aramark (sic) Food Service Incorporated and "contracted medical staff of the Department of Corrections." Plaintiff's Complaint alleges that he received an injury to his left eye while working in the kitchen at the Correctional Treatment Facility ("CTF")

and subsequent negligent medical care. CTF is a contract facility operated by CCA. CTF does not operate the kitchen or any medical services to inmates at CTF.

Plaintiff previously filed a Motion to Compel certain discovery items from Defendant CCA. In response, Defendant CCA asserted that discovery was premature based on its pending dispositive motion and advised the Court that Plaintiff failed to request the specific discovery items (thus the Motion to Compel was inappropriate). Subsequently, Plaintiff's Motion to Compel Discovery was denied by the Court on July 28, 2006. Plaintiff then filed this Motion to Stay Proceedings pending the appeal of the Court's denial of this discovery motion.[1]

II.     **LEGAL ARGUMENT**

    A.     **Failure to Meet and Confer.**

Pursuant to Local Rule 7(m):

> Before filing any non-dispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Here, Plaintiff once again failed to contact counsel for Defendant CCA regarding his Motion to Stay Proceedings. Plaintiff concedes this point by failing to include a "statement that the required [Rule 7(m)] discussion occurred, and a statement as to whether the motion is opposed." Accordingly, Plaintiff's Motion to Stay Proceedings must be denied on this basis alone.

---

[1] Plaintiff appears to be requesting the Court to grant "an emergency stay pending expedited appeal of the District Court's discovery orders requiring defendants to produce medical records and greivance (sic) documentations denied without prejudice." *See* page 2 of Plaintiff's Motion to Stay Proceedings.

  **B.**  **Plaintiff's Reliance on Rule 62 is Misplaced.**

  Plaintiff's Motion to Stay Proceedings relies on FED. R. CIV. P. 62(a), (d) and (g), in support of his "automatic stay of appeal."[2] Rule 62, however, provides for stays to prevent the enforcement of a judgment while post-trial motions and appeals are pending. In this case, there has been no post-trial motion or applicable appeal. Thus, Rule 62 does not provide the relief Plaintiff seeks.

  **C.**  **No Legal Basis For Staying Proceedings.**

  "In evaluating a trial court's exercise of discretion in discovery matters, we have observed that [a] district court has broad discretion in its resolution of discovery problems that arise in cases pending before it. We may reverse the trial court only if it has abused its discretion; that is, if its actions were clearly unreasonable, arbitrary or fanciful."[3] In addition, Plaintiff's appeal of the Court's ruling on his Motion to Compel is unlikely to be entertained by the Court of Appeals. Further, it is not proper for Plaintiff to proceed with an interlocutory appeal on this

---

[2] Rule 62(a) states that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." This section relates to a stay postponing the enforcement of a Rule 54(a) judgment for 10 days after entry of the judgment.

Rule 62(d) states that "[w]hen an appeal is taken the appellant by giving a *supersedeas* bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule." Again, Rule 62(d) does not apply to Plaintiff's lawsuit.

Rule 62(g) states that the provisions of Rule 62 does not limit appellate courts.

[3] *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 (D.C. Cir. 1984); *see also In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C. Cir. 1981).

limited discovery issue, provided that the Defendant CCA has not even filed an Answer in this case and any discovery at this point is premature.[4]

Defendant CCA filed a Motion to Dismiss on April 17, 2006. Should the Court deny Defendant's Motion to Dismiss, there is no legal basis for delaying the prompt resolution of this matter. Instead, judicial economy dictates that discovery proceed in a timely fashion. Moreover, staying the proceedings while Plaintiff awaits the resolution of his frivolous appeal would unduly delay and burden Defendant CCA who seeks a timely resolution of this matter. Thus, Plaintiff's request for a "stay" is unnecessary and Plaintiff's Motion to Stay Proceedings must be denied.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Stay Proceedings must be denied because: (1) Plaintiff failed to contact Defendant CCA pursuant to LCvR 7(m) before filing his Motion to Compel; (2) FED. R. CIV. P. 62 is inapplicable to this case; and (3) this case should proceed once the Court enters an Order regarding CCA's pending dispositive motion.

---

[4] Pursuant to *United States v. Philip Morris, Inc.*, 314 F.3d 612 (U.S. App. D.C. 2003), Plaintiff has failed to identify a proper jurisdictional basis for his interlocutory appeal pursuant to the collateral order doctrine.

In addition, Plaintiff's reliance on *Natl. Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 722 (U.S. App. D.C. 1987) is misplaced. *Edwards* held that "in light of appellant's delay in seeking arbitration, its extensive involvement in pretrial discovery, its invocation of summary judgment procedures, and the resulting prejudice to appellee, Edwards cannot now rely on its customer agreement with NFCR to compel arbitration." Then, "we hold that appellant waived its right to arbitration by acting inconsistently with its agreement to arbitrate disputes arising out of its contract with appellee." This holding is inapplicable to the subject lawsuit or the issues raised by Plaintiff in his Motion to Stay Proceedings.

DATED this 21st day of August 2006.

          s/ Jennifer Holsman
          Daniel P. Struck (D.C. Bar No. CO0037)
          Jennifer L. Holsman (D.C. Bar No. 495296)
          JONES, SKELTON & HOCHULI, P.L.C.
          2901 North Central Avenue
          Suite 800
          Phoenix, Arizona 85012
          Telephone: (602) 263-7323
          Facsimile:  (602) 200-7811(direct)

          Kelvin L. Newsome, Esq., Bar No. 439206
          Megan Starace Ben'Ary, Esq., Bar No. 493415
          LECLAIR RYAN, A PROFESSIONAL CORPORATION
          225 Reinekers Lane
          Suite 700
          Alexandria, Virginia 22314
          Telephone:    (703) 647-5933
          Facsimile:    (703) 647-5983

          Counsel for Defendant, *Corrections Corporation of America*

Electronically filed this 21st day of August, 2006,
with the United States District Court,
District of Columbia.

Copies mailed this same date to:

Phillip T. Cason, #196-242
UNITED STATES PENITENTIARY – HAZELTON
Post Office Box 2000
Bruceton Mills, West Virginia 26525
*Plaintiff Pro Se*


  s/ Jennifer Holsman


## CERTIFICATE OF SERVICE

1670729.1           5

I hereby certify that a true copy of the foregoing was forwarded via facsimile and mailed by United States Mail, first-class, postage paid, this 21st day of August, 2006 to:

Phillip T. Cason, #196-242
UNITED STATES PENITENTIARY – HAZELTON
Post Office Box 2000
Bruceton Mills, West Virginia 26525
*Plaintiff Pro Se*


s/ Jennifer Holsman