IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP T. CASON #196-242

        Plaintiff

V.

D.C. DEPARTMENT OF
CORRECTIONS, et al.

        Defendants

Civil Action
1:06-cv-0446
(RMC)
F.R.C.P., Rule 60(b)

RECEIVED
OCT 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RELIEF FROM JUDGMENT OR ORDER

Comes now Phillip T. Cason In Pro Se for Relief From Judgment or Order Pursuant Federal Rule of Civil Procedure, Rule 60(b) and state the following:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a Judgment, order, or proceeding, or to grant relief under Rule 60(b)(6) any other reason justifying relief from the operation of the Judgment.

## ARGUMENT

In light of Defendants ( D.C. DEPARTMENT of Correction's ) inexcusable

lack of Participation in this litigation and conscious disregard for the litigation process, they have not demonstrated that Good Cause exsits nor should entry of default be removed from there co-defendants (ARAMARK Food Service INC.) <u>Baldride v. Birkes, 2001 U.S. Dist. Lexis 17455 (N.D. Tex. 2001)</u>. Modification of a Judgment Pursuant to Rule 60(b) is extraordinary relief, lying within the sound discretion of the District Court and requiring that the <u>movant show special circumstances, through DC. Circuit Standard of review on Plaintiff substantial Prejudice by abuse of discretion.</u>

The fact that <u>D.C. Department of Correction's and ARAMARK Correctional Service INC.</u> has pro-offered no excuse for it's failure to file an answer. Even when plaintiff filed a "Motion to strike and default", Provision Rule 12(f)(g) and (h) <u>to clerify Purpose for waiver without explaning after the default was entered before asking that it be set aside is intentional delay.</u> Thus, D.C. Department of Correction's <u>did adopted by reference the defenses of it's co-defendant (CCA, Correction Corporation of America). In which the litigation had Proceeded without them, the Court allowed a response for the third time.</u>

(2)

Plaintiff filed "CounterClaim to defendants" pursuant Fed. Civ. P. Rule 8(c) denominated as such to comply to order DKT. [47] Opposition or other response by November 1, 2006.

Now if ARAMARK Food Service INC. Substitution as ARAMARK Correctional Service INC. is permitted to re-enter the case again for the second time, Plaintiff then have to try his claim once more. The only way to remove default Judgment must be from incorrect Jurisdiction. Service of Process to 1901 D. St S.E. in Washington DC. 20003 were the appropriate Jurisdiction for ARAMARK Correctional Service, INC. When Robert Lombardo, District Manager and it's entity risk Judgment of default. RESTATEMENT (SECOND) OF JUDGMENTS § 65 Comment b (1982).

When [a] person [named as a defendant] know[s] about the action but perceive[s] that the court lack[s] territorial or subject matter Jurisdiction, he is given a right to ignore the proceeding at his own risk but to suffer no detriment if his assesment proves correct. See Insurance Corp. of Ireland V. Compagnie des Bauxites de Guince., 456 U.S. 694, 706, 72 L.Ed.2d 492, 102 S.Ct. 2099 (1982).

(3)

A defendant is always free to ignore the Judicial proceedings, risk a default Judgment, and then challenge that Judgment on Jurisdictional grounds only in a collateral proceeding. <u>Simply because plaintiff in Pro Se stated food instead of correctional</u> is not enough grounds to set aside default. <u>Haines v. Kerner 404 US. 519, 30 LEd 2d 652, 92 Sct 594 (1972)</u> Pro Se litigants pleadings are to be construed liberally and held to less strigent standard than formal pleadings drafted by lawyers; if Court can reasonably read pleadings to state valid claim on which litigate could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and <u>sentence construction</u>, or litigants unfamiliarity with pleadings requirements.

## STANDARD OF REVIEW

<u>Whelan V. Abell 310 U.S. App DC. 396 (DC. Cir 1995)</u>

Entry of Default:

> The final ruling the Whelan contest is Court's decision to vacate the default order against the Chase Estate pursuant to Federal Rule of Civil Procedure 55(c), which allows an entry of default to be set aside upon a

(4)

a showing of "Good Cause". We review this decision for abuse of discretion, keeping in mind the federal policy favoring trail over default judgment. See Jackson v. Beech, 205 U.S. App. D.C. 84, 636 F.2d 831, 835 (D.C. Cir. 1980) (noting standard of review); Keegel v. Key West & Caribbean Trading Co., 200 U.S. App. D.C. 319, 627 F.2d 372, 373 (D.C. Cir. 1980) ("modern federal procedure favors trails on the merits"). Despite these constraints, we vacate the court's order and reinstate the entry of default on the tortious interference claim, finding the decision to set aside the default on this claim an abuse of decretion. We affirm as to the other counts, though. While we have some doubts about the basis of the court's judgment in setting aside the entry of default on those counts, our doubts there are not strong enough to overcome the deferential stand of review and the general federal policy against default judgment.

The Whelans filed their initial complaint on February 20, 1987. The Estate did not file an answer to the complaint; instead, on March 13 (within the time limit for answers imposed by Rule 12(a), it sent a letter to plaintiffs' counsel stating it's belief that the action was barred by a Florida statute

(5)

of limitations. <u>On April 9, the Court clerk entered default against the Estate.</u> On May 6, Plaintiffs' counsel wrote to the Estate, notifying it of the entry of default and asking the Estate, in turn, to notify relevant third parties. Not until August 16, 1988 -- eighteen months after the complaint was filed -- did the Estate make an appearance in Court. On that date, the Estate asked the Court to set aside the default. Finding that motion was "egregiously untimely without explanation", that the defense proffered -- the Florida statute of limitation -- was "of doubtful merit", and that a set-aside of the default would be prejudicial to Plaintiffs, the Court denied the motion.

Several months later, however, the court set aside the default. The Court explained that it's rulings in favor of the Estate's co-defendants required it to do so, "it appearing from the entire record that the complaints fail to state meritorious claims." When (48 F.3d 1259) Whelans appealed, we vacated this decision as based on an erroneous view of the law. We noted, however, that on remand the district court would be "free to consider whether to vacate the default orders" pursuant to Federal Rule 55(c)'s provision for setting aside entry of default "for good cause". Whelan I, 953 F.2d at 675.

After reviewing the elements said by <u>Jackson v. Beech</u> to control the setting aside of a default,

(6)

See 636 F.2d at 832 (the Court must assess whether the default is willful, whether the defendant has presented a meritorious defense, and whether the plaintiff would suffer substantial prejudice by a decision to set aside the default), the district court found "good cause" to set aside the default.

The Court first found that the Estate's failure to respond substantively to the complaint did not "rise to the level of wilfulness required... to deny the Estate's motion to set aside the default", relying on the Estate's March 13, 1987 letter asserting the statute of limitation defense. It appeared to have little basis for this conclusion other than the Estate's conclusory assertion that it had acted in good faith-- that is, that it had not intended to disrupt or delay the proceedings. <u>But the Estate has proffered no excuse for its failure to file an answer, and it has neither clarified whether its letter is to be treated as an answer for purpose of the waiver provision of Rule 12(h) nor explained why it waited 16 months after the default was entered before asking that it be set aside.</u> Absent some explanation such as monumental incompetence, the record suggests <u>intentional delay.</u>

On the question of a possibly meritorious defense, the Court remarked without greater specificity that

(7)

the Estate had asserted various defenses. In fact, <u>the Estate just adopted by reference the defenses of its co-defendants</u>, including the Noerr-Pennington defense we have addressed in this opinion. The Court did not explicitly rule on the plausibility of these defenses; instead, it simply stated, "If Plaintiffs believe any defenses asserted are indeed meritless, Plaintiffs can file an appropriate motion at the appropriate time." We understand this to mean that the Court found those defenses asserted sufficiently plausible to support the motion. We note that the movant is not required to prove a defense, but only to assert a defense that it may prove at trial. Because the Plaintiff's claims against the Estate appear to be based on substantially the same facts and law as their claim against the Estate's co-defendants, we find no error in the district court's decision to credit the Estate as having asserted meritorious defenses.

Finally, the Court addressed the last of the three considerations -- the prejudice to Plaintiffs from setting aside the entry of default. It is on this issue that our judgment differs most substantially from the district court's. The Court found that the Whelans would suffer at most "minimal" prejudice were the default set aside. <u>The Court noted that the litigation had proceeded apace without the Chase Estate</u>, citing <u>H.F. Livermore Corp. V. Aktiengesllschaft Gebruder L., 139 U.S. App D.C. 256,</u>

(8)

<u>432 F.2d 689, 691 (D.C. Cir 1970)</u>(noting that" the default judgement must normally be viewed as available only when the adversary process has been halted because of an essentially un-responsive party.") and that the Estate was requesting no opportunity for discovery, apparently being ready to rely on that of its co-defendants. This analysis is not unreasonable as to most of the claims. But the court appears to have ignored the fact that Plaintiff had completed a trail against the two co-defendants on the tortious interference claim. Whether it assumed that the jury verdict in that trail would ultimately be set aside based on a defense applicable to all three defendants or simply disregarded the burden on Plaintiffs of having to redo the trail in order to establish the tortious interference claim against the Estate, it clearly erred in finding that setting aside the default would not substantially prejudice Plaintiff on this claim.

In sum, while there is some possibility that the Estate's defenses will prove adequate, the Estate's unexplained delay in responding to Plaintiff's complaint renders the balance of the equities on the issue of default far more precarious than the district court's opinion suggests. <u>If the Estate is permitted to re-enter the case without limitation, Plaintiffs will have to try their tortious interference claim a second time. This substantial prejudice.</u>

(9)

(48 F.3d 1260) <u>tips the balance on that claim so far in Plaintiff's favor that we are constrained to find an abuse of discretion in the Court's decision to set aside the default on that claim. and we vacate the order to that extent.</u> As to the other claims, we see no abuse of discretion in the Court's finding that Plaintiffs would suffer only minimal prejudice from a set-aside of the default and affirm its set-aside order.

## CONCLUSION

Plaintiff seeks relief to vacate Judgment or order in Compliance to these proceedings and to avoid substantial prejudice that may constrained a finding of abuse of discretion setting aside the default judgment against ARamark Correctional Service, INC., that it should stand.

Respectfully Submitted
Phillip + Cason
DC.DC.NO: 196-242
REG NO: 10050-007
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525
Date October 10, 2006

## CERTIFICATE OF SERVICE

I, Certify the information therein to be Served on below describe through the United States Postal Service.

CLERK OF COURT

Clerk's Office
United States District Court
For the District of Columbia
U.S. Courthouse
333 Constitution Avenue N.W.
Washington, D.C. 20001

E. Louise Phillips Office of the Attorney General 441 4th Street, N.W. Sixth Floor South
Washington, D.C. 20001

E.C.F. Filing to:
Attorney's Jennifer L. Holsman, Kelvin L. Newsome, Megan Starace Ben'Ary, and Rebecca Everett Kuch, and Robert. P. Scanlon.

Date: October 10, 2006      Phillip & Cason
                             IN Pro Se