UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| PHILLIP T. CASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0446 (RMC) |
| ) | |
| D.C. DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM  OPINION**

This matter is before the Court on Corrections Corporation of America's motion

to dismiss, the District of Columbia Department of Corrections' motion to dismiss or, in the

alternative, for summary judgment, and Plaintiff's motion for default judgment as to the

"Contracted Medical Staff of the Department of Corrections."[1]  For the reasons set forth below,

the Court will grant Defendants' dispositive motions and deny Plaintiff's motion for default

judgment.

I.  BACKGROUND

The District of Columbia Department of Corrections ("DOC") operates the

Central Detention Facility, commonly known as the D.C. Jail.  An outside contractor, the

Corrections Corporation of America ("CCA"), operates the District's Correctional Treatment

Facility ("CTF").

_____

[1]    The remaining defendant, Aramark Correctional Services, Inc., filed an Answer
[#59] on October 11, 2006.

Plaintiff alleges that, on March 12, 2005 "while working kitchen detail at the D.C. Jail, a cleaning agent called limeaway got into [his] left eye." Complaint ("Compl."), Attach. (CCA Inmate/Resident Grievance Form) at 1. He states that he was transferred to CTF after his release from a hospital, was placed in CCA's contamination housing unit for two days, but was "without medical care" on those days. *Id.* at 2. Plaintiff brings this civil rights action under 42 U.S.C. § 1983, and the Court construes the claim as an alleged denial of adequate medical care in violation of the Eighth Amendment to the United States Constitution. Insofar as Plaintiff alleges that he was "wrongfully diagnosed by medical staff" at the D.C. Jail, *see id*. at 4, the Court assumes that Plaintiff also brings a negligence claim against the District of Columbia.[2]

## II.  DISCUSSION

### A.  Plaintiff  Failed to Exhaust Administrative Remedies

CCA and the District of Columbia move to dismiss Plaintiff's complaint on the ground that he failed to exhaust all available administrative remedies prior to filing this action. *See* Def. Corrections Corp. of Am.'s Mot. to Dismiss & Mem. of Law in Support ("CCA Mot.") at 4-7; Dep't of Corrections' Renewed Mot. to Dismiss, or in the Alternative, for Summ J. ("D.C. Mot.") at 1 (adopting CCA's arguments).

In relevant part, the Prison Litigation Reform Act provides that:

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

---

[2]     The DOC is an agency of the District of Columbia government. A District agency is not a suable entity. *See Arnold v. Moore*, 980 F.Supp. 28, 33 (D.D.C. 1997); *Braxton v. Nat'l Capital Housing Auth.*, 396 A.2d 215, 216 (D.C. 1978). Accordingly, the Court will dismiss the DOC as a party to this action, and will substitute the District of Columbia as the proper party Defendant.

confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory, *Jones v. Bock*, 127 S.Ct. 910, 918 (2006), and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  A prisoner must complete the administrative process "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies. *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001). Exhaustion of administrative remedies is an affirmative defense, not a pleading requirement. *Jones*, 127 S.Ct. at 919-22; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005) ("an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant"); *see Jackson*, 254 F.3d at 267 (treating exhaustion as affirmative defense).

Here, Defendants neither set forth the required steps in the inmate grievance process nor support their argument that Plaintiff failed to complete those steps.  Plaintiff counters that he filed grievances both at the D.C. Jail and at CTF, and that he has exhausted all available administrative remedies before his transfer to the custody of the Federal Bureau of Prisons. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss & for Summ. J. ("Pl.'s Opp'n") at 11-12 (page numbers designated by the Court) & Declaration ¶ 10.  Therefore, the Court cannot grant defendants' motion to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies before filing the instant civil action.

*B.  Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983*

In the alternative, CCA and the District of Columbia move to dismiss Plaintiff's

complaint on the ground that Plaintiff fails to state a constitutional claim under 42 U.S.C.

§1983.[3]  *See* CCA Mot. at 2-3; D.C. Mot. at 1 (adopting CCA's arguments).  The Court holds

pleadings prepared by *pro se* litigants to less stringent standards than those applied to formal

pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Notwithstanding

the minimal and vague allegations of the Complaint, the Court considers Plaintiff's expanded

statements of facts set forth in his opposition to CCA's motion to dismiss.  *See Richardson v.*

*United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (district court erred in failing to consider  *pro*

*se* Plaintiff's opposition to motion to dismiss as amendment to complaint).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted).  A successful

Eighth Amendment claim must satisfy both parts of a two-pronged test.  *Pryor-El v. Kelly*, 892

F.Supp. 261, 272 (D.D.C. 1995).  A plaintiff first must show that the alleged deprivation is

sufficiently serious to be considered cruel and unusual.  A medical need is serious if it either is

diagnosed by a physician as mandating treatment or is so obvious that a lay person easily would

recognize the necessity of a doctor's attention.  *Cox v. District of Columbia*, 834 F. Supp. 439,

---

[3]    Defendants also argue that the complaint is deficient because it did not contain
factual allegations supporting the claims of misdiagnosis and denial of proper medical treatment,
or facts sufficient to show how Defendants' conduct fell below a standard of care.  *See* CCA
Mot. at 9.  *Pro se* pleadings are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520
(1972).  The allegations in the Complaint are sufficient to put Defendants on notice of the
constitutional and common-law claims against them, and dismissal for pleading defects of this
nature is not warranted.

441 (D.D.C. 1992).  A plaintiff next must allege that a government official acted with a

sufficiently culpable state of mind.  *See Wilson v. Seiter*, 501 U.S. 294, 299 (1991).  A claim of

deliberate indifference under the Eighth Amendment must allege that the defendant subjectively

was aware of the excessive risk to Plaintiff's health or safety posed by his action or inaction.  A

"prison official cannot be found liable under the Eighth Amendment . . . unless the official

knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511

U.S. 825, 837 (1994).

Plaintiff asserts that the chemical caused his left eye to swell and burn, that he

suffered intense pain, and that the injury was so severe as to warrant admission to a hospital.  *See*

Pl.'s Opp'n at 2-7.  Further, he states that he reported his injury "to staff that was there in the

kitchen at the time," notified staff when he experienced a "burning and running sensation

involving [his] left eye" days later, and asked medical staff both at the D.C. Jail and at CCA for

further medical attention.  *Id.* at 5-6; Compl. at 3.  For purposes of this motion, Plaintiff

adequately alleges a serious medical need.  However, Plaintiff's own submissions reflect that

defendants took action by taking him to the infirmary and by transferring him to a hospital.

Defendants' actions negate any assertion that they acted or failed to act with deliberate

indifference to Plaintiff's medical need.

Plaintiff's § 1983 case cannot survive based only on his negligence claim, as the

alleged misdiagnosis of his medical condition does not rise to the level of a constitutional

violation.  "Medical malpractice does not become a constitutional violation merely because the

victim is a prisoner."  *Estelle v. Gamble*, 429 U.S. at 106.  The Court will therefore dismiss

Plaintiff's § 1983 cause of action for failure to state a claim.

### C.  Plaintiff Did Not Comply with the Notice Requirements
### Under D.C. Code § 12-309

The District of Columbia moves to dismiss Plaintiff's common-law negligence

claim because he has not complied with D.C. Code § 12-309.  D.C. Mot. at 4-5.  That section

provides:

> An action may not be maintained against the District of Columbia for
> unliquidated damages to person or property unless, within six months
> after the injury or damage was sustained, the claimant, his agent, or
> attorney has given notice in writing to the Mayor of the District of
> Columbia of the approximate time, place, cause, and circumstances
> of the injury or damage.

D.C. Code § 12-309.  Potential claimants, then, must "provide an early warning to District of

Columbia officials regarding litigation likely to occur in the future."  *Pitts v. District of*

*Columbia*, 391 A.2d 803, 807 (D.C. 1978).  D.C. Code § 12-309  "constitutes a departure from

the common law concept of sovereign immunity" and, for this reason, it "is to be strictly

construed."  *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981).  Compliance with

§ 12-309 is mandatory.  *See id.*; *Pitts*, 391 A.2d at 807; *Hill v. District of Columbia*, 345 A.2d

867, 869 (D.C. 1975).  A "notice is fatally defective if one or more of the statutory elements is

lacking."  *Boone v. District of Columbia*, 294 F.Supp. 1156, 1157 (D.D.C. 1968).

Plaintiff sent a letter addressed to former Mayor Anthony Williams on or about

June 16, 2005.  D.C. Mot., Ex. 1.  Plaintiff clearly intended for the letter to be his notice of an

upcoming lawsuit stemming from the injury to his eye.  *See id.*  His notice was defective,

however, because it failed to state the place, cause and circumstances of his injury.  Accordingly,

Plaintiff's negligence claim against the District of Columbia is barred.  *See Boone*, 294 F. Supp.

at 1157 (notice defective where "two of the five specific statutory elements are missing").

6

*D.  The "Contracted Medical Staff for the Department of Corrections"*
*Will Be Dismissed as a Party Defendant*

Plaintiff appears to allege that the medical staff at the D.C. Jail is provided under a contract with a private entity.  *See* Pl.'s Opp'n at 2.  He names the "Contracted Medical Staff of the Department of Corrections" as a party Defendant.  Compl. at 4.  However, it does not appear that this entity exists.  *See* Dep't of Corrections' Resp. to Pl.'s Mot. for Default at 1.  Although counsel for the District of Columbia provided the name of the correct entity, *see* Department of Corrections' Motion to Extend Time, *Nunc Pro Tunc,* to File a Motion to Dismiss, or in the Alternative, for Summary Judgment ¶ 6, Plaintiff has not filed an amended complaint to add the proper party.  Accordingly, the Court will vacate the Clerk's Entry of Default as to the "Contracted Medical Staff of the Department of Corrections," dismiss it as a party Defendant, and deny Plaintiff's motion for judgment.

### III.  CONCLUSION

For the reasons stated, the motions to dismiss filed by the District of Columbia and the Corrections Corporation of America will be granted.  A memorializing Order accompanies this Memorandum Opinion.

<table>
<tr><td></td><td>/s/</td></tr>
<tr><td>Date:  March 9, 2007</td><td>ROSEMARY M. COLLYER<br>United States District Judge</td></tr>
</table>