UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Phillip Thomas Cason DC DC #196-242
           Plaintiff,

vs.

DISTRICT OF COLUMBIA et al,
           Defendants

Civil Action
NO: 06-0446
(RMC)

SUMMARY JUDGMENT

RECEIVED
FEB 27 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Comes now Phillip T. Cason in Pro Se for Summary Judgment under federal rule of Civil Procedure rule 56(e) and state the following:

## INTRODUCTION

Phillip T. Cason a Prisoner currently incarcerated here at United States Penitentiary McCreary Pine Knot, KY. Brings this civil action suit before this honorable Court against these following entities. District of Columbia, DC Department of Corrections, The Contracted Medical Staff for the Department of Corrections, emplemented through the District of Columbia attorney General office as being Center for Health Policey and Studies (CCHPS), ARAMark Correctional Service, INC, Also (CCA) Corrections Corporation of America. This Civil action Suit thats before this honorable Courts consists of a left eye injury while working kitchen detail at the Department of Corrections. The Cause of Plaintiff left eye

injury derives from a cleaning solution that sanitize the inmate population eating trays, called lime-away. On a friday of March 2005 Plaintiff was working kitchen detail at the DC Jail Number #3 shift, which is from around 4:45 pm until 11:45 pm. On friday of March 2005, Plaintiff was assigned by an employee CPL Brooks for the Department of Corrections to work in the tray machine area. On this evening of March 2005, while working the tray machine area alone with other inmates. Plaintiff was ordered by CPL Brooks to manually dip these inmate population serving trays into this rolling ben that was filed with this chemical named lime-away and water. A short time later while doing as Plaintiff was ordered to do by CPL Brooks. Another inmate while Plaintiff was reaching into this ben dropped maybe 8, to 10, trays into it causing a big splash that got me directly in the face. At that point Plaintiff immediately rinsed out eyes with water and reported the incident to CPL Brooks shift supervisor. At this point CPL Brooks mentioned she would contact the infirmary and return back to work. In order to prevent from not catching a write up, Plaintiff did as ordered. However on that evening Plaintiff wasn't taken to the infirmary. Saturday the next morning when Plaintiff awake for early chow Plaintiff notice a burning sensation along with irratation under left eye. I spoke with the officer that was incharge of running the housing unit Plaintiff was being housed in at the time what happened while at work to, call to the infirmary so Plaintiff may see a doctor. The

(2)

Officer did in fact call the infirmary, Plaintiff heard Officer speaking with someone in reference to what Plaintiff had Just explained to officer. Plaintiff was told by the officer to place name on sick call. Saturday evening when Plaintiff returned to work the other inmates noticed Plaintiff left eye, and mentioned Plaintiff should speake to CPL Brooks to get to the infirmary. Plaintiff went to CPL Brooks to seek medical treatment. However from 4:45 PM wasn't until Saturday evening around 12:00 midnight that Plaintiff was taken to the infirmary. At that point the only medical treatment Plaintiff received was a small tube of Petroleum Jelly of Cream, told to put on eye. The officer then returned Plaintiff to housing unit. However that Sunday morning when Plaintiff awake for chow Plaintiff left eye was very irratated burning around the outter bottom, halfway close with large and small bumps and swollen. Plaintiff immediately explained to the the same officer that "I need to see a doctor." Again the officer mentioned that the infirmatary said for Plaintiff to place name on sick call. When Plaintiff returned to work that Sunday evening Plaintiff asked CPL Brooks to please get Plaintiff to the infirmary. Again my request was ignored. Monday morning when Plaintiff awake for early chow Plaintiff left eye was halfway close completely shut in Pain. Plaintiff felt so bad at the time I returned back to my cell to lay down. A short time later Mental health called to the unit for the officer to send me to mental health. Because of the fact that mental health and the infirmary are in the same

(3)

immediate area. After speaking with mental health service. Plaintiff then made way to the infirmary. After speaking with the doctor and explaining what happened at work that this chemical calle lime-away had splashed into my face. The doctor looked at my left eye for a few seconds. I was told to wait outside in the waiting area for maybe about (5) minutes. When I returned back inside the room were the doctor was seeing me. The doctor mentioned that my left eye wasn't irratated by the chemical called lime-away, instead Plaintiff had came into contact with herpes in the left eye. Because of this herpes in Plaintiff left eye Plaintiff needs to be placed into a special housing unint contamination cell there at 1901 E, St SE Washington D.C. 20003. Once there at 1901 E St SE Washington DC 20003 (CCA) Corrections Corporation of America. Plaintiff was ignored again medical treatment. By the 3rd day being in that cell Plaintiff eye had become so bad that Plaintiff literally had to beg the doctor to send Plaintiff to an outside hospital. I was then taken to Greater Southeast Washington hospital center for (5) days admittance. These defendants has continuosly ignored Plaintiff request for Plaintiff medical records. And the defendants has continuously fabricated to this honorable court house saying that Plaintiff received medical treatment then placed inside that contamination cell. Plaintiff has finally received medical records from DC Department of Correction's (Pages 26 thru 29) stating totally different what defendants has continuously fabricated to this honorable court house. See Department of Corrections

(4)

Medical records attached. in particular Pg 26 thru 29. Plaintiff also has received Medical records from Greater Southeast Washington hospital Center, See Emergency Department triage/initial assessment date of 3-18-05, See Patient Discharge instructions date of 3-22-05.

See DC Department of Correction's Medical records Page-29 date of being placed into Special housing Contamination Cell. on 3-15-05

See Page-27 showing visit to outside hospil date 3-18-05 DC Department of Correction's

See Re Admission note to Medical Special housing Contamination room - 3-23-05 (Page 26)

Also see attached Medical records from (CCA Shelter) dating back at least (5) Years that there's no showing of herpes out break to left eye.

Also See See Medical records from BoP Penitiary Hazelton that there isn't a history of herpes.

(5)

## Conclusion

Plaintiff has no other proof other then whats before this court in Plaintiff Medical records. Plaintiff suffers now with blurred vision in left eye at this present date. Plaintiff Gratefully ask that this honorable court review all Plaintiff Medical records and Grant Summary Judgment for Plaintiff to set a court date. Fact here has been presented "Genuine" issues for trail.

Date: 2-25-08

Respectfully Submitted
Phillip Thomas Cason

In Pro Se

(6)

## CERTIFICATE OF SERVICE

I, Certify the information therein to be Served on the following below through the United States Postal Service.

United States District Court
For The District of Columbia
333 Constitution Ave, NW.
Washington D.C. 20001

United States Court of Appeals
For The District of Columbia
Rm 5423 E Barrett Prettyman
US Courthouse
Washington D.C. 20001

E. Louise Phillips
Office of the Attorney General
441 4th Street N.W. Sixth Floor South,
Washington D.C. 20001.

Robert P. Scalon
Attorney For Aramark Correctional
Service, Inc
25 Wood Lane
Rockville Maryland 20850

(7)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Phillip T. Cason DC DC #196-242
Plaintiff

vs.

District of Columbia et al,
Defendants

AFFIDAVIT

Affiant who goes by Appellation Phillip T. Cason a living breathing flesh-and-blood man under the laws of God, being of sound mind and over the age of twenty-one being first duly sworn under the penalty of perjury certify or unlimited commercial liability that the contents are of Affiant own first hand knowledge does solemnly swear, depose, say and declare that Affiant is competent to state the matters set forth herein. that Affiant has personal knowledge and belief of the facts stated herein, and all facts stated herein are true, correct, and complete, not misleading in anyway, the truth, the whole truth, and nothing but the truth.

This declaration of facts is based on Affiant own first hand knowledge and belief. Mark Affiant's word;

1. Affiant filed on March 10, 2006 this civil action suit against (4) entities, entered by the Court on March 13, 2006

2. Affiant civil action complaint is based on a left eye injury that Affiant sustained while working Kitchen detail at the DC. Jail Department of Corrections located at 1901 D. St S.E. Washington DC 20003.

3. From a cleaning agent name Lime Away that splashed into Affiant left eye, leaving Affiant hospitalized for (5) days.

4. Before being sent to Greater Southeast Washington Hospital Center, not only was Affiant delayed medical treatment.

5. Affiant was wrongfully diagnosed by medical staff thats currently under contract for the DC Department of Corrections, emplemented through the District of Columbia Attorney General office E. Louise Phillips as being Center for Health Policey and Studies (CCHPS).

6. Affiant then was placed against Affiant free will under the instruction of the doctor employed by this entity into a contamination holding cell at 1901 E St SE Washington DC 20003, because it was explained to Affiant by this doctor that Affiant had come into contact with herpes in left eye.

7. Once placed into contamination holding cell Affiant was again delayed medical treatment for two days

8. By the third day Affiant left eye had become completely closed, swollen with large and small bumps around the outer surface and burning sensation.

9. At that point Affiant literally beg Medical Staff to be sent to an hospital, later that evening Affiant was then taken to Greater Southeast Washington hospital Center.

10. While being there at Greater Southeast Washington hospital Center, Affiant was placed under IV and pain relievers.

11. After around three days Affiant left eye began to slowly open back up.

12. Once affiant eye, left eye had recovered Affiant was Given a patch to wear for and additional Two days because Affiant left eye over the period of being shut had become to sensative to the light.

13. Around day (5) it was determined by doctor's that Affiant had made a full recoverie, Affiant was then discharged.

14. Once discharged Affiant was placed back into Special housing unit Contamination, then released back into General Population.

14. Affiant has numerous times contact the D.C. Jail D.C. Department of Corrections, also (CCA) Corrections Corporation of America to receive

Copies of Affiant Medical records, each occasion Affiant was totally ignored by both entities. Please see copies of Freedom of Information Privacy Act Request - Attached.

15. Affiant finally received copy of Medical records from Department of Correction's, through Washington Lawyers' Committee For Civil Rights and Urban Affairs, Please see letter attached, along with Medical Records.

16. Affiant also Contacted the Mayor building to receive a Personal hand written copy of a (3) Page letter that Affiant written while being housed at 1901 D. St SE Washington, explaining the nature of Affiant Injury, that Affiant is in fact bringing a suit against the District of Columbia.

17. Affiant attempt receiving Affiant hand written letter was totally ignored, instead Affiant received by the defendants (1) Page of a (3) Page letter with information blacken out. Please See letter from defendants attached.

18. Defendants has numerous times mislead this honorable Court by sending Points and authorities Stating that Affiant was given medical treatment taken to Greator Southeast Washington Hospital Center, then placed into Contamination holding Cell at 1901. E. St. SE Washington D.C. 00005.

19. Affiant has Medical records from Defendants Department of Correction's Proving that these —

allegations are misleading, that the allegations has been turned around to the defendants control. Please see copy of Medical records Department of Corrections Pgs 26 thru 29, attached.

20. Affiant also has attached Medical records from Greator Southeast hospital center revealing date of arrival, also date of discharge, also cause of visit. PG-1 thru 4 - See attached

21. Affiant also has a copy of Medical Records from Unity Health Care Clinic there at 425 2nd D. St. N.W Mitch Snyder Shelther dating back (5) Years revealing that Affiant do not have a history of Herpes out break, or injury to Affiant left eye causing the blurred vission that Affiant is now suffering from.

22. Affiant also has a complete copy of Medical records from Peritentiary Hazelton revealing once again Affiant haven't had a out break of Herpes while being housed at that facility.

23. Affiant ask that this honorable Court review Defendants DC Departuent of Corrections Medical records thoroughly showing that Affiant never had an out break of herpes, that may of caused Affiant to be hospitalized.

## Conclusion

Based on everything Affiant has stated also Proof through Affiant Medical records. This honorable Court can clearly see that Affiant is in fact showing, and Presented to this Honorable Court "Genuine issues for trail. Affiant ask this honorable Court based on these true findings. Will this honorable Court Grant Summary Judgment in Affiant behalf in order that Affiant may have a Good day in Court.

Thank You.

DATE: 2-25-08

Respectfully Submitted
Phillip T. Cason
*Phillip T. Cason*
IN PRO SE

## CERTIFICATE OF SERVICE

I, Certify the information therein to be served on the following below through the UNITED STATES Postal Service:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW.
Washington D.C. 20001

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
RM. 5423 E. BARRETT PRETTYMAN
  US COURTHOUSE
Washington. D.C. 20001

E. Louise Phillips
Office of the Attorney General
441 4th Street, NW. Sixth Floor South
Washington D.C. 20001

DATE:
2-25-08   Robert P. Scanlon
Attorney for ARAMARK Correctional
Serive, INC.
25 Wood Lane
Rockville Maryland 20850