IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLLIP T. CASON, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * Civil Action No.: 1:06-CV-0446 (RMC) |
| | * |
| DC DEPARTMENT OF | * |
| CORRECTIONS, et al., | * |
| | * |
| Defendants. | * |

## ARAMARK CORRECTIONAL SERVICES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ARAMARK Correctional Services, LLC ("ARAMARK") opposes Plaintiff's Motion for Summary Judgment. As more fully set forth in the attached Memorandum of Points and Authorities, Plaintiff neither asserts any facts nor states any case against ARAMARK which could ever entitle him to judgment.

Respectfully Submitted,
ANDERSON & QUINN, LLC

/S/ Robert P. Scanlon
Robert P. Scanlon, Bar #37110
The Adams Law Center
25 Wood Lane
Rockville, Maryland 20850
(301) 762-3303
Attorney for Defendant ARAMARK
Correctional Services, LLC.

### Certificate of Service

I HEREBY CERTIFY that on this 27th day of March 2008, a copy of the foregoing was mailed, postage prepaid, to

Phillip Cason
Reg No: 10050-007
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, West Virginia 26525

Edward E. Schwab, Esq.
Office of the Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, DC 20001
e-mail: edward.schwab@dc.gov

/S/ Robert P. Scanlon
Robert P. Scanlon, Bar #37110

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLLIP T. CASON, | * |
| | * |
|     Plaintiff | * |
| | * |
| v. | * Civil Action No.: 1:06-CV-0446 (RMC) |
| | * |
| DC DEPARTMENT OF | * |
| CORRECTIONS, et al., | * |
| | * |
|     Defendants. | * |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BOTH THE OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ARAMARK CORRECTIONAL SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has sued various defendants, including ARAMARK Correctional Services, LLC ("ARAMARK") for injuries he allegedly sustained while incarcerated at the D.C. Jail located at 1901 D. Street, S.E. Washington, D.C. More specifically, he claims to have suffered an injury to his left eye when he was refused appropriate medical treatment after the chemical Lime Away was splashed into the eye while Plaintiff was washing dishes. Plaintiff has filed a motion for summary judgment and ARAMARK is now filing its own motion.

Pursuant to LCvR 7(h), for the purposes of ARAMARK'S Opposition and its Motion for Summary Judgment, the following facts are not in dispute:

1. Plaintiff's lawsuit is filed pursuant to 42 U.S.C.§ 1983. **Plaintiff's Complaint, page 1.**

2. The only factual allegation contained in the Complaint is that "I was wrongfully diagnosed by Medical Staff." **Plaintiff's Complaint Section V. Statement of Claim.**

3. ARAMARK provides certain aspects of food service at the Jail. It does not arrange for or provide medical care or services. **Affidavit of Fameda Shah, attached as Exhibit 1, paragraph 8.**

4. The need for medical care allegedly arose when Lime Away was splashed into Plaintiff's eye. **Affidavit attached to Plaintiff's Motion for Summary Judgment, paragraph 3.**

5. In his Motion for Summary Judgment, Plaintiff described the incident as follows: "On Friday of March 2005, Plaintiff was assigned by an employee, Cpl. Brooks for Department of Corrections to work in the tray machine area. On this evening of March 2005, while working the tray machine area along with other inmates, Plaintiff was ordered by CPL Brooks to manually dip these inmate population serving trays into this rolling ben (sp.) That was filled with this chemical named Lime Away and water. A short time later while doing [what] Plaintiff was ordered to do by Cpl. Brooks, another inmate while Plaintiff was reaching into this ben (sp) dropped maybe 8, to 10, trays into it causing a big splash that got me directly in the face." **Plaintiff's Motion for Summary Judgment, Introduction, page 2.**

6. Plaintiff's complaints against the Defendants appear to be limited solely to the fact that his medical treatment was delayed by the Department of Corrections and that when medical was provided, it was both inappropriate and wrong. **Affidavit attached to Plaintiff's Motion for Summary Judgment, paragraphs 4-14.**

## ARGUMENT

As noted, Plaintiff brings this suit pursuant to **42 U.S.C.§ 1983.** That section states in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

In the District of Columbia, the Plaintiff in a civil suit bears the burden of proving, by a preponderance of the evidence, each and every element of the claim. *Hopkins v. Price Waterhouse, 737 F.Supp. 1202, 1204 n.3 (D.D.C. 1990, aff'd 920 F.2d 967, 287 U.S. App. D.C. 173 (1990)*. Plaintiff is required to produce sufficient evidence of each element such that a jury can make a decision without resort to speculation. *Milone v. Washington Metro. Transit Auth., 319 U.S. App. D.C. 423, 91 F.3d 229,232 (D.C. Cir.1996)*. In this case, Mr. Cason is required to produce sufficient evidence that ARAMARK somehow deprived him of his Constitutional rights.

A review of Plaintiff's complaint, as well as his motion for summary judgment and the affidavit and exhibits attached thereto, makes clear that Mr. Cason's lawsuit arises from his medical care, or lack thereof, after the Lime Away incident. ARAMARK's affidavit makes clear that it has no part in the provision of medical services. Nor does Plaintiff argue otherwise. In fact, other than including ARAMARK as a defendant, Plaintiff makes no allegations against it. Without any facts to show that ARAMARK somehow deprived him of his Constitutional rights, Plaintiff cannot prove any set of facts that would allow him to bear his burden of proof. On that basis, ARAMARK is entitled to summary judgment.

In the event that there is some implication that ARAMARK is responsible for Lime Away getting into Plaintiff's eye, ARAMARK's affidavit establishes that ARAMARK had no part in the washing of inmate trays or the use of Lime Away. Plaintiff's recitation of events contained in his motion is consistent with ARAMARK's position. Plaintiff describes in detail the event and clearly states that he was under the supervision of Cpl. Brooks of the Department of Corrections and was acting pursuant to her instructions. Again, ARAMARK is not even mentioned.

Finally, even if Plaintiff's cause of action somehow arose from the use of Lime Away or failure to properly supervise prisoners, this would not constitute an appropriate cause of action pursuant to 42 U.S.C.§ 1983. Such a cause of action would necessarily sound in negligence. As the Supreme Court has stated, ". . . the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of injury to life, liberty, or property." ***Daniels v. Williams, 474 U.S. 327, 329, 106 S. Ct 662, 88 L. Ed. 2d 662 (1986). (emphasis in the original)***

On the basis of the foregoing, ARAMARK wiould request that Plaintiff's motion for Summary Judgment be denied and that ARMARK's Motion for Summary Judgment be granted.

        Respectfully Submitted,
        ANDERSON & QUINN, LLC

        /S/ Robert P. Scanlon
        Robert P. Scanlon, Bar #37110
        The Adams Law Center
        25 Wood Lane
        Rockville, Maryland 20850
        (301) 762-3303
        Attorney for Defendant ARAMARK
        Correctional Services, LLC.

## Certificate of Service

I HEREBY CERTIFY that on this 27th day of March 2008, a copy of the foregoing was mailed, postage prepaid, to

Phillip Cason
Reg No: 10050-007
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, West Virginia 26525

Edward E. Schwab, Esq.
Office of the Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, DC 20001
e-mail: edward.schwab@dc.gov

/S/ Robert P. Scanlon
Robert P. Scanlon, Bar #37110