# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip T. Cason DCDC #196-242<br>Plaintiff<br>v.<br>DISTRICT OF COLUMBIA et al<br>Defendants | Civil Action<br>NO-06-0446<br>(RMC) |

## PLAINTIFF OPPOSITION MOTION TO RENEW PREVIOUSLY FILED SUMMARY JUDGMENT



RECEIVED
MAY 2 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff respectfully moves this Court for Summary Judgement on behalf of Plaintiff on the Grounds that theirs no material facts indispute, and the Plaintiff is entitled to Judgement in his favor as a matter of law. Fed. Rule. Civ. P. (56) in support of this motion the Plaintiff memorandum of points and authorities, statement of material facts not indispute and the declaration of Phillip T. Cason.

The defendants should take notice that factual assertions contained in the accompanying affadavit or other attachments in support of Plaintiff's motion will be accepted by the Court as true unless the defendants submitt his or her affidavit or other documents evidence, contradicting the assertions in Plaintiffs attachments. See <u>Neal V. Kelly 963 F.2d 453 (DC Cir 1992)</u>

1.

Local Rule 7.1 and Fed. R. Civ. P. 56(E) which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an a affidavit to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgement is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affadavit or as otherwise provided in this rule, must set forth specific fact showing that there is a genuine issue for trail. If the adverse party does not so respond, summary judgement, if appropriate, shall be entered against the adverse party. Fed. R. Civ. P. 56(E).

Date: 4-28-08

Respectfully submitted
Phillip J Cason
In Pro Se

2.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Phillip T. Cason, DC DC #196-242
  Plaintiff,

v.

DISTRICT OF COLUMBIA et al,
  Defendants,

Civil Action
NO-06-0446
(RMC)

PLAINTIFF OPPOSITION MOTION TO RENEW PREVIOUSLY FILED SUMMARY JUDGMENT/"RENEWED MEMORANDUM POINTS AND AUTORITIES

Comes now Phillip T. Cason in Pro Se Through and by himself respectfully moves this honorable Court to Grant Summary Judgment as a matter of law to Plaintiff Previously filed Motion to dismiss or alternative Summary Judgment. As to this Previously filed Motion for "RENEWED" Motion For Summary Judgment and the following reason for such relief is stated in this motion under Memorandum Points and authorities stated below:

(1.) On March 10, 2006 Plaintiff filed this Complaint against (CCA) Corrections Corporation of America, the District of Columbia, Department of Corrections, ARAMARK Correctional Service, INC, and "Contracted Medical Staff of the Department of Corrections.

1.

(2.) On March 2005, Chemical labled Limeaway Splashed in my lefteye. I was Ordered to do work untrained, no Protective eyewear, Face mask or rubber Gloves.

(3.) Staff employed for 1901 D. St J.E. Washington DC 20003, Delayed Medical attention to Plaintiff by not Sending Plaintiff to the infirmatary when injury first occured.

(4.) After (2) Two days delay I was seen by the the facility doctor, whom stated Plaintiff had came in contact with herpes in lefteye, oppose to the Chemical limeaway that splashed in Plaintiff lefteye.

(5.) After being seen by facility doctor Plaintiff was then Plased into Contamination isolation room away from General Population.

(6.) After being Placed into Contamination isolation room Plaintiff went an additional (3) days without any medical treatment.

(7.) At that Point Plaintiff lefteye had Closed completely shut, with large and small bumps around the outter surface also in Great Pain.

(8.) At this Point Plaintiff literally begged medical Staff to send Plaintiff to an outside hospital.

(9.) Officials transfered Plaintiff to Greater Southeast hospital Center the Outside Physician stated the effects of Plaintiff injury was caused by Chemical limeaway, oppose to coming into contact with herpes.

2.

(10.) Plaintiff was admitted to Greater Southeast hospital placed on "IV" fluids and Perkasets for (5) days, after being discharged, Plaintiff was additionally given IBeProhen, eye drops that was apart of Plaintiff discharge order by doctor from outside hospital.

(11.) Plaintiff suffers blurred vision, headaches, throbing pain, constant running of left eye, without the ability to afford medical treatment on possible permanent injury.

## ARGUMENT

Where no Genuine dispute exists as to any material facts, Summary Judgment is required. Anderson v. Liberty Lobby INC, 477 US 242 (1986). A Genuine issue of material facts is one that would change the outcome of the litigation. Id at 247. "The burden on the moving party may be discharged by 'showing' __ that is, pointing out to the court [court] __ that there is an absence of evidence to support the non-moving party's case." Sweat Fashions, INC. v. Pannill Knitting Company, INC, 833 F.2d 1560, 1563 (Fed Cir 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a Genuine issue exist for trial. Matsushita Elec. Indus Co. v. Zenith Radio Corp, 475 US. 574, 586 (1986).

Thus to avoid Summary Judgement, the Plaintiff must present some objective evidence that would enable the Court to find he is entitled to relief. In Celotex Corp. V. Catrett, the Supreme held that, in responding to a proper motion for Summary Judgement, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a Genuine dispute. 477 U.S. 317, 322-23 (1986). In Anderson the Supreme Court explained under what circumstances Summary Judgement is appropriate.

If the evidence is merely colorable... or is not significantly probative... Summary Judgement may be granted... [*] the mere existence of the Plaintiff position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

Anderson 477 US at 252. See also Laningham V. Navy, 813 F.2d 1236, 1242 (D.C. Cir 1987) (the non moving party is required to provide evidence that would permit a reasonable jury to find in its favor). In Celotex, the Supreme Court further instructed that the "[S]ummary Judgement procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rule as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." 477 US at 327 (quoting Fed. R. Civ. P. 1).

3.

(1.) Plaintiff previously filed a motion for Summary Judgment on 02/27/08, along with medical records received from defendants Department of Corrections, along with medical records received from Greater Southeast Washington hospital Center, along with Medical records received from (BOP) Federal Bureau of Prisons, also medical records received from (CCV) Health Care for the Homeless Mitch Snyder Shelter, along with an affidavit.

(2.) The defendants factual assertions of the incident of the Plaintiff is a total contradiction of the medical records presented by defendants Department of Corrections, also Greater Southeast Washington hospital Center, which evaluated Plaintiff injury "Chemical Burns" from a chemical solution, and not herpes that was the dianosis of the medical records from the defendants Department of Corrections Medical Staff employed by the District of Columbia [Center for Health Policy and Studies (CCHPS). Which was undisputed by [Tameda Shah] affidavit. The defendants has not only mislead the Court, the defendants has also conceeded because they didn't answer to the allegations presented in the medical records presented before this honorable court by Plaintiff.

(3.) ARAMARK Correctional Serives, INC was also Contracted by the District of Columbia to provide food service for the Department of Corrections, which includes the preparing of

7.

food and the cleaning supplies in which to maintain the sanitation of the kitchen, including [Limeaway].

(4.) On the day of question CPL Brooks (Shift Supervisor) was made known of the incident and loged it in the log book concerning that shift. However Plaintiff was sent back to the housing unit without any medical treatment, or without any necessary steps to take because of the chemical contact to Plaintiff lefteye.

(5.) And at no time during or after Plaintiff employment, did staff for ARAMARK conduct an Staff orientation, nor were there any type of Saffy equitment given to Plaintiff to Protect Plaintiff in the enviorment of the kitchen [Food Service]. Proper Procedures by both entities defendants Department of Correction's, also ARAMARK went totally ignored. Also as a standard procedure there was not any Saffy information given to Plaintiff to read nor sign. Also at time of incident nor were there an incident injury report filled out by CPL Brooks, whom was made aware of the injury, NOR ARAMARK.

(6.) According to the medical records provided by defendants Department of Correction's, was a total misdianosis, and most importantly a complete case of malpractise of the medical staff, which at the time of injury provided little or at least no medical treatment.

5.

Instead a complete diagnosis that Plaintiff had come into contact with herpes in lefteye. Which was also undisputed by [Tameeka Shah] affidavit.

(7.) The inmates that are employed to work in the kitchen [ARAMARK] is an area that is occupied by ARAMARK that is seperate from the rest of the rest of the Jail. And the inmates are employed through ARAMARK to conduct pacific task, such as preparing the food, also cleaning and sanitizing the kitchen, also the cleaning of the trays. as well. The correctional officers assigned to the kitchen are assigned for the purpose of security, and at no time or point associated with the ~~preparing~~ of the food.

## CONCLUSION

Plaintiff has properly responded to the defendants motion for summary judgment, and has provided to this honorable court adequate evidence "Medical Records" and opposing affidavit contradicting the assertions of the defendants and no such facts set forth in the defendants summary judgment motion which warrants granting summary judgment in the defendants behalf. And either were the "Medical records" provided by Greater Southeast Hospital Center, nor defendants Department of Correction's contradicted by the defendants. Plaintiff respectfully ask that this honorable court grant summary judgment in Plaintiff behalf.

DATE: 4-28-08        6.

Respectfully submitted
Phillip 4 Cason
IN Pro SE

# CERTIFICATE OF SERVICE

I Phillip T. Cason certify that a copy of the foregoing [Renewed Motion for Summary Judgement/Opposition to the respondence motion for Summary Judgement] was mailed Prepaid First Class Mail to:

Clerk's Office
United States District Court
For the District of Columbia
333 Constitution Avenue N.W.
Washington. D.C. 20001

District of Columbia
Attorney General Office
441 4th St N.W. Washington
D.C. Sixth Floor South.

Attorney For Aramark
Robert Scanon
25 Woodlane Rockville MD.

On this 28 day of April 2008.

Respectfully Submitted
Phillip T. Cason
In Pro Se.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Phillip T. Cason, DC. DC #196-242
    Plaintiff

V.

District of Columbia et al,
    Defendants

Civil Action
NO-06-0446
(RMC)

## STATEMENT OF MATERIAL FACTS NOT A GENUINE DISPUTE

(1.) The Plaintiff filed a motion for Summary Judgement on 02/27/08, alone with medical records received from defendants Department of Corrections, alone with medical records received from Greater Southeast hospital Center, alone with Medical records received from (BOP) Federal Bureau of Prisons, also Medical records received from (CCV) Health Care for the Homeless Mitch Snyder Shelter, alone with an affidavit

(2.) The defendants factual assertions of the incident of the Plaintiff is a total contradiction of the medical records presented by defendants Department of Corrections, also Greater Southeast hospital Center, which evaluated Plaintiff injury "Chemical burns" from a chemical solution, and not herpes that was dianosis of the medical records

from the defendants Department of Corrections Medical Staff employed by the District of Columbia [Center for Health Policy and Studies (CCHS)]. Which was undisputed by [Jameda Shah] affidavit. The defendants has not only mislead the Court, the defendants has also conceeded, because they didn't answer to the allegations presented in the medical records presented before this honorable Court by Plaintiff.

(3.) ARAMARK Correctional Serive, INC was also contracted by the Department of Corrections, to provide food serive for the Department of Corrections, which includes the preparing of food, and cleaning supplies in which to maintain the sanitation of the kitchen, including [limeaway].

(4.) On the day of question CPL Brooks (Shift Supervisor). Was made known of the incident and loged it in the log book concerning that shift. However Plaintiff was sent back to the housing unit without any medical treatment, or without any necessary steps to take because of the Chemical Contact to Plaintiff left eye.

(5) And at no time during or after Plaintiff employment, did staff for ARAMARK conduct an Safty orientation, nor were there any type of safty equitment given to Plaintiff to protect Plaintiff in the enviorment of the kitchen [foodservs]. Proper procedures by both entities defendants ARAMARK, also Department of Corrections went totally ignored. Also as a standard procedure

there was not any safty information Given to Plaintiff to read nor sign. Also at time of incident nor were there an incident injury report filled out by CPL Brooks, whom was made aware of the injury, nor ARAMARK.

(6.) According to the medical records provided by defendants Department of Corrections, was a total misdianosis and most importantly a complete case of malpractise of the medical staff, which at the time of injury provided little or at least no medical treatment. Instead a complete dianosis that Plaintiff had come into contact with herpes in left eye. Which was also undisputed by [Tameda Shah] affadavit.

(7.) The inmates that are emploted to work in the kitchen [ARAMARK] is an area that is occupied by [ARAMARK], that is seperate from the rest of the Jail. And the inmates are emploted through ARAMARK to conduct pacific task, such as prefaring of food, also cleaning and sanitizing the kitchen, also the cleaning of the trays. as well. The correctional officers assigned to the kitchen are assigned for the purpose of security, and at no time or point associated with the prefaring of the food.

### Conclusion

Plaintiff has properly responded to the defendants motion for summary judgment, and has provided to this honorable court adequate evidence

"Medical records" and opposing affadavit contradicting the assertions of the defendants and no such facts set forth in the defendants Motion for Summary Judgement, which warrants Granting Summary Judgement in the defendants favor. And, either were the "Medical records" provided by Greater Southeast Hospital Center, also defendants Depart of Corrections contradicted by the defendants. Plaintiff respectfully ask that this honorable Court Grant Summary Judgement in Plaintiff behalf.

Date: 4-28-08

Respectfully Submitted
Phillip Q Cason
In Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Phillip T. Cason DC DC #196-242
Plaintiff

V.

District of Columbia et al,
Defendants

Civil Action
NO-06-0446
(RMC)

## DECLARATION OF PHILLIP T. CASON

(1.) I am the Plaintiff in the above caption style civil action currently incarcerated at United States Penitentiary Mccreary Pine Knots KY.

(2.) This civil action suit consist of Eighth amendment Constitutional violation's to the United States.

(3.) On March 10, 2005 chemical name limeaway splashed in Plaintiff left eye while working kitchen detail at the Department of Corrections 1901 D. St. SE. Washington D.C. 20003.

(4.) Plaintiff filed a motion for Summary Judgment on 02/27/08 with medical records received from defendants Department of Corrections, along with medical records received from Greater Southeast Washington hospital Center, along with medical records received from (BOP) Federal Bureau of Prisons, along

with medical records received from (ccv) Health Care for the homeless, Mitch Snyder Shelter, alone with an affidavit

(5.) The defendants factual assertions of the incident of the Plaintiff is a total Contradiction of the Medical records Presented by defendants Department of Corrections, also Greater Southeast hospital Center, which evaluated Plaintiff injury "Chemical Burns" from a chemical solution, and not herpes that was dianosis of the medical records from the defendants Department of Corrections medical Staff employed by the District of Columbia [Center for Health Policy and Studies (CCHPS)]. Which was undisputed by [Tameda Shah] affadavit. The defendants has not only mislead the Court, the defendants has also conceeded, because they didnt answer to the allegations presented in the medical records Presented before this honorable Court by Plaintiff.

(6.) ARAMARK Correctional Services, INC was also Contracted by the Department of Corrections to provide food Service for the Department of Corrections, which includes the preparing of the food, and cleaning supplies in which to maintain the Sanitation of the Kitchen, including [limeaway].

(7.) On the day of Question CPL Brooks (Shift Supervisor). was made known of the incident and loged it in the log book concerning that

Shift. However Plaintiff was sent back to the housing unit without medical treatment, or without any necessary steps to take because of the chemical contact to Plaintiff left eye.

(8.) And at no time during or after Plaintiff employment, did staff for ARAMARK conduct an safty orientation, nor were there any type of safty equitment given to Plaintiff to protect Plaintiff in the enviornment of the kitchen [Food Service]. Proper procedures by both entities defendants ARAMARK, also Department of Corrections went totally ignored. Also Standard procedures as to safty information was not given to Plaintiff to read nor sign. Also at time of incident were there an incident injury report filled out by CPL Brooks, whom was made aware of the injury, nor ARAMARK.

(9.) The inmates that are employed to work in the kitchen [ARAMARK] is an area that is occupied by [ARAMARK], that is separate from the rest of the Jail. And the inmates are employed through ARAMARK to conduct pacific task, such as preparing of food, also cleaning and sanitation of the kitchen, also the cleaning of the trays. As well the correctional officers assigned to the kitchen are assigned for the purpose of security, and at no time or point associated with the preparing of the food.

Date: 4-28-08