Let this be filed. R. M. Collyer 5/12/08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Phillip T. Cason DC DC # 196-242
          Plaintiff

V.

DISTRICT OF COLUMBIA
          Defendant's et al,

Civil Action
NO-06-0446
(RMC)

**RECEIVED**

MAY 8 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO REINSTATE DEFENDANT[S]

Comes now Phillip T. Cason in Pro Se
Moves This honorable Court with this
Motion to Reinstate all DEFENDANT[S]
and state the following:

Plaintiff feel that all defendant[s] should be
reinstated back onto Plaintiff Claim. That
Plaintiff has Provided Sufficient evidence to
prove the elements of his Claim by Providing
Medical Records Which Contradicts the defendants
assertions.

In the District of Columbia, the Plaintiff in a
Civil Suit bears the burden of Proving, by a
Preponderance of the evidence, each and every
element of the Claim. Hopkins V. Price Waterhouse
737 F Supp. 1202, 1204 n.3 (D.D.C 1990, aff'd 920 F2d
967 287 US. APP. DC 173 (1990). Plaintiff is required
to Produce Sufficient evidence of each element
Such that a Jury Can make a decision without

Resort to Speculation. <u>Milone v. Washington Metro.</u>
<u>Transit Auth.</u>, 319 US. App. DC 423, 91 F.3d 229,232
(DC Cir. 1996).

(1) Plaintiff injury was caused by herpes.

(2) And in fact the injury happened at the Department
of Correction's DC Jail.

(3) While working for ARAMARK.

(4) Also the Plaintiff was misdiagnosed by medical
staff who are contracted[1] by the District of Columbia
[Health Policy and studies [CCHPS][ARAMARK].

(5) <u>According to 716 A.2d 196 HERBERT V. DISTRICT</u>
<u>OF COLUMBIA (Ct. App. 1998).</u> The District of Columbia
has a continuing responsibility for the safe keeping,
care protection, instructions and disipline of all persons[s]
within its institution. The District of Columbia duty
to provide inmates with medical care and potential
liability when an independent contracter commit malpratise.

(6.) The Supreme Court has held that Federal and
State Governments have a non-deleeable duty based
on the Eighth Amendment to the Constitution, to provide
adequate medical care to persons incarcerated within
their prison system. <u>West V. Atkins U.S. 42,54,101 L. Ed.</u>
<u>2d 40,108 S. Ct. 2250 (1988).</u> Futher the Court has held
that a Private Physican treating prison inmates under
a contract with a State is a Government agent acting
under color of authority sufficient to hold the state liable

---

[1] The Court dismissed the following defendant[s]:
   DC Department of Correction's Contracted Medical Staff and
   (CCA) Correction Corporation of America from civil action.

Under federal civil rights statutes, such as 42 U.S.C. § 1983, for damages resulting from the physician's "deliberate indifference" to the serious medical needs of the inmates. Id at 55-56. Such "deliberate indifference .... Constitutes the 'unnecessary and wanton infliction of pain'... Proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)(Citation omitted). The existence of such indifference may be "Manifested by prison doctors in their response to the prisnor's need or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." Id. at 104-105 (citation omitted).


CONCLUSION

Plaintiff respectfully request that this honorable Court "REINSTATE" THE [ DEFENDANT[S] liable for their Action also Ordered to respond to the Plaintiff Motion for Summary Judgment Motion.


DATE: 5/6-08

Respectfully Submitted
Phillip & Cason
IN PRO SE

# CERTIFICATE OF SERVICE

I Phillip T. Cason certify that a true copy of the above motion for [REINSTATEMENT] was mail first class prepaid to:

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE N.W.
WASHINGTON DC. 20001

ATTORNEY GENERAL OFFICE
E. LOUISE PHILLIPS
441 4th ST N.W.
6th FLOOR SOUTH
WASHINGTON D.C. 20001

ATTORNEY FOR ARAMARK
CORRECTIONAL SERVICE, INC
25 WOODLANE ROCKVILLE
MARYLAND

ON this __6__ day of MAY 2008

Respectfully submitted
Phillip T. Cason
IN PRO SE