IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLLIP T. CASON, | * |
| | * |
|     Plaintiff | * |
| | * |
| v. | * Civil Action No.: 1:06-CV-0446 (RMC) |
| | * |
| DC DEPARTMENT OF | * |
| CORRECTIONS, et al., | * |
| | * |
|     Defendants. | * |

## REPLY MEMORANDUM OF ARAMARK CORRECTIONAL SERVICES, LLC TO PLAINTIFF'S LATEST MOTION FOR SUMMARY JUDGMENT

Plaintiff previously filed a motion for summary judgment. ARAMARK Correctional Services, LLC ("ARAMARK") opposed that motion and filed its own Motion for Summary Judgment. Plaintiff recently filed a pleading entitled Plaintiff Opposition Motion To Renew Previously Filed Summary Judgment ("Plaintiff's Renewed Motion"). As it pertains to ARAMARK, Plaintiff's Renewed Motion adds only one new argument that was not contained in his original Motion for Summary Judgment. He now alleges in an affidavit that ARAMARK failed to properly train him and failed to provide the proper safety equipment. This assumes that ARAMARK had a duty to do so. Furthermore, this allegation, which was not contained in the Complaint, is premised upon Plaintiff's view (a view that he has previously contradicted) that he was under ARAMARK's control at the time that Lime Away allegedly splashed into his eye. Plaintiff's new allegations are not probative of the issues herein for two reasons. As FRCP 56 (e)(1) states, with respect to motions for summary judgment, " A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Plaintiff has not established his competence to identify the duties that ARAMARK had with respect to him, while

he was washing dishes. Similarly, Plaintiff's claim that he was under the control of ARAMARK at the time that he was washing dishes, also fails to comply with FRCP 56(e)(1). He contradicts both Fameda Shah and himself. In his Motion for Summary Judgment, Plaintiff described the incident as follows:

> On Friday of March 2005, Plaintiff was assigned by an employee, Cpl. Brooks for Department of Corrections to work in the tray machine area. On this evening of March 2005, while working the tray machine area along with other inmates, Plaintiff was ordered by CPL Brooks to manually dip these inmate population serving trays into this rolling ben (sp.) That was filled with this chemical named Lime Away and water. A short time later while doing [what] Plaintiff was ordered to do by Cpl. Brooks, another inmate while Plaintiff was reaching into this ben (sp) dropped maybe 8, to 10, trays into it causing a big splash that got me directly in the face." **Plaintiff's Motion for Summary Judgment, Introduction, page 2.**

Plaintiff admits that he was acting at the direction of someone not affiliated with ARAMARK.

The second and more important reason that Plaintiff's claims of a failure to train; a failure to provide safety equipment and a failure of oversight are irrelevant to the issues herein is that those allegations are elements of a negligence action. As ARAMARK noted its motion for summary judgment, Plaintiff brings this suit pursuant to **42 U.S.C.§ 1983.** The Supreme Court has specifically held that, ". . . the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of injury to life, liberty, or property." ***Daniels v. Williams*, 474 U.S. 327, 329, 106 S. Ct 662, 88 L. Ed. 2d 662 (1986). *(emphasis in the original)***

On the basis of the foregoing, ARAMARK would request that Plaintiff's Motion for Summary Judgment be denied and that ARAMARK's Motion for Summary Judgment be granted.

        Respectfully Submitted,
        ANDERSON & QUINN, LLC

        /S/ Robert P. Scanlon
        Robert P. Scanlon, Bar #37110
        The Adams Law Center
        25 Wood Lane
        Rockville, Maryland 20850
        (301) 762-3303
        Attorney for Defendant ARAMARK
        Correctional Services, LLC.

## Certificate of Service

I HEREBY CERTIFY that on this 20th day of May 2008, a copy of the foregoing was mailed, postage prepaid, to

Phillip Cason
Reg No: 10050-007
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, West Virginia 26525

Edward E. Schwab, Esq.
Office of the Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, DC 20001
e-mail: edward.schwab@dc.gov

        /S/ Robert P. Scanlon
        Robert P. Scanlon, Bar #37110