UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHILLIP THOMAS CASON, | ) |
| Plaintiff, | ) Civil Action No. 1:06-CV-0446 |
|  | ) (RMC) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| Defendants. | ) |

### DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE

Defendants Corrections Corporation of America ("CCA") and the District of Columbia ("District"),[1] by and through their undersigned counsel respectfully request that the Court deny Plaintiff's Motion to Reinstate.

In a thorough opinion dated March 9, 2007, this Court dismissed all claims against CCA and the District, finding that the facts Plaintiff alleged in his Complaint failed to state a claim under 42 U.S.C. § 1983 for alleged violation of Plaintiff's Eighth Amendment rights, and that Plaintiff failed to provide proper notice of his negligence claim to the District of Columbia pursuant to D.C. Code § 12-309. *See* Mem. Op. (Mar. 9, 2007). More than one year later, on May 8, 2008, Plaintiff has filed a Motion to Reinstate against these Defendants. As demonstrated below, Plaintiff's Motion is both procedurally and substantively deficient and therefore should be denied.

---

[1] Recognizing that the District of Columbia Department of Corrections is not *sui juris,* this Court has previously dismissed the Department of Corrections, which was named by Plaintiff, and replaced it with the District of Columbia.

As stated, the District and CCA were dismissed by the Court on March 9, 2007. The dismissal against these defendants operated as a final judgment as to the District and CCA. In order to obtain relief from this judgment in this Court, two options were available to Plaintiff. First, Plaintiff could have filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). This rule, however, strictly limits the time for filing such a motion to ten days after the entry of judgment. Fed. R. Civ. P. 59(e). At this juncture, the time limit for filing such a motion clearly has passed.

The other option available to Plaintiff was a motion for relief from a judgment or order pursuant to Rule 60. That rule states, in pertinent part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's motion to reinstate meets none of the six criteria above. In support of his motion to reinstate, Plaintiff asserts the exact same arguments and evidence previously advanced before this Court, and which the Court considered and rejected as not being sufficient to state a claim for violation of rights protected by the Eighth Amendment. Further, Plaintiff does not even contest the dismissal of his common law claim against the District for failure to comply with D.C. Code § 12-309. Plaintiff offers

2

no new facts, any mistake, or other justifiable reason for the Court to excuse him from the judgment. Thus, Plaintiff cannot satisfy the requirements of Fed. R. Civ. P. 60(b) for relief from judgment.

More importantly, even if Plaintiff could meet one of the Rule 60(b) factors, Plaintiff's request is not timely. Rule 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." As stated, Plaintiff has waited over one year to challenge the Court's ruling. Plaintiff is therefore time-barred from attempting to argue relief from judgment for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, and cannot substantively argue for relief based on the other three factors of Rule 60(b). Thus, Plaintiff's delay in requesting the relief he now seeks is both procedurally and substantively without merit.

Accordingly, the District and CCA respectfully request that the Court deny Plaintiff's motion to reinstate.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ___/s/  Samuel C. Kaplan_____
        SAMUEL C. KAPLAN (463350)
        Assistant Deputy Attorney General

        ____/s/  Shana L. Frost_____

        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax:  (202) 727-3625
        shana.frost@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2008, a copy of the foregoing was served on counsel of record via ECF, and mailed to the *pro se* Plaintiff via first-class mail, postage prepaid to:

        **PHILLIP THOMAS CASON**
        R10050-007
        MCCREARY UNITED STATES PENITENTIARY
        P.O. Box 3000
        Pine Knot, KY 42635

        __/s/  Shana L. Frost_____
        Shana L. Frost
        Assistant Attorney General